**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| ROBERT "SONNY" WOOD, et al., | Case No. 2:17-cv-02393-MMD-CWH |
| Plaintiffs, | |
| v. | **ORDER** |
| NAUTILUS INSURANCE COMPANY, et al., | |
| Defendants. | |

This matter is before the court on plaintiffs Access Medical, LLC and Robert "Sonny" Wood's Motion to Compel (ECF No. 64), filed on June 11, 2018. Plaintiffs move to compel defendants to provide documents responsive to plaintiff's first set of requests for production. Under Rule 37(a)(1) of the Federal Rules of Civil Procedure, a motion for a protective order must include a certification that the movant has in good faith conferred or attempted to confer with the other party to resolve the dispute without court action. Fed. R. Civ. P. 37(a)(1). Additionally, Local Rule 26-7(c) provides that:

> discovery motions will not be considered unless the movant (1) has made a good faith effort to meet and confer as defined in LR IA 1-3(f) before filing the motion, and (2) includes a declaration setting forth the details and results of the meet-and-confer conference about each disputed discovery request.

Plaintiffs' attorney's declaration documents a conversation with defendants' counsel. The declaration states that defendants' counsel indicated that she would respond to the request for documents within a week. In defendants' counsel's emailed response, defendants declined to produce the documents. The court finds that the parties did not meaningfully discuss the substance of their dispute "in a genuine effort to avoid judicial intervention." *Cung Le v. Zuffa, LLC*, 321 F.R.D. 636, 647 (D. Nev. 2017) (citing *Shuffle Master, Inc. v. Progressive Games, Inc.*, 170 F.R.D. 166, 171 (D. Nev. 1996)).

First, plaintiffs' counsel's declaration provides insufficient details for the court to determine whether the parties presented "each other the merits of their respective positions with the same candor, specificity, and support during the informal negotiations as during the briefing of discovery motions." *Cung Le*, 321 F.R.D. at 647. The meet and confer requirement is more than a "formalistic prerequisite," and the parties must treat the process as a means to substitute judicial resolution. Second, the declaration references attached exhibits of an email exchange. The court will not consider the email exchange as evidence of a meet and confer. *See* LR IA 1-3(f) (defining "meet and confer" as a "face-to-face meeting, telephonic conference, or video conference.").

IT IS THEREFORE ORDERED that plaintiffs' Motion to Compel (ECF No. 64) is DENIED.

DATED: June 14, 2018

_____
C.W. HOFFMAN, JR.
UNITED STATES MAGISTRATE JUDGE