UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

ROBERT "SONNY" WOOD, an individual;
ACCESS MEDICAL, LLC, a Delaware
limited liability company,

Plaintiffs,

v.

NAUTILUS INSURANCE GROUP, a
Delaware limited liability company, *et al.*,

Defendant.

Case No. 2:17-cv-02393-MMD-CWH

ORDER

I.    **SUMMARY**

Before the Court are two motions: (1) Plaintiffs Robert "Sonny" Wood and Access
Medical, LLC's (together, "Insureds") motion for reconsideration (ECF No. 42) and (2)
Defendant Nautilus Insurance Company's ("Nautilus") motion to dismiss (ECF No. 52).
The Court has reviewed the parties' responses and replies (ECF Nos. 48, 53, 57, 58). For
the reasons discussed below, the Court will grant the Insured's motion for reconsideration
and deny Nautilus's motion to dismiss as moot.

II.    **BACKGROUND**

This action is intertwined with two other actions, one filed in California state court
in 2011 ("Switzer Action") and the other filed in this Court in 2014 ("Coverage Action"). In
the Switzer Action, a non-party named Ted Switzer alleged four claims for interference
with prospective economic advantage against the Insureds. The Insureds tendered
defense of the Switzer Action to Nautilus, and Nautilus agreed to defend the Insureds
under a reservation of rights. Nautilus then filed the Coverage Action in which it sought
and obtained a declaration that it was not required to defend or indemnify the Insureds in

the Switzer Action. In the current action, the Insureds primarily contend that Nautilus was required to defend and indemnify them in the Switzer Action based on new evidence that was not considered in the Coverage Action.

The Switzer Action arose from a soured business relationship formed between Plaintiff Wood and a non-party, Ted Switzer. (*See* ECF No. 13-1 at 3.) Wood and Switzer founded Flournoy Management, LLC ("Flournoy") to market and sell medical implants.[1] (*Id.*) When the relationship deteriorated, Switzer initiated the Switzer Action against Wood and Flournoy to compel access to Flournoy's books and records. (ECF No. 1-1 at 9-10.) In the course of the Switzer Action, Switzer filed a cross-complaint asserting, *inter alia*, four claims for interference with prospective economic advantage against the Insureds. (*See* ECF No. 13-1 at 3, 7.)

Nautilus initiated the Coverage Action after the Insureds requested that Nautilus defend them in the Switzer Action. (ECF No. 1-1 at 12-13.) Nautilus sought a declaration in the Coverage Action that it did not owe a duty to defend or indemnify the Insureds. (*Id.* at 13.) The Insureds argued that Nautilus owed a duty to defend and indemnify because Switzer might advance a defamation claim based on certain factual allegations in his cross-complaint. (ECF No. 13-1 at 7.) (The insurance policy essentially required Nautilus to defend the Insureds against defamation claims.[2]) Nautilus argued that the factual allegations in the cross-complaint, coupled with the lack of any live defamation claims, were insufficient to trigger its duty to defend and indemnify. (*See id.*) The Court agreed with Nautilus and declared that Nautilus did not owe a duty to defend or indemnify the Insureds. (*Id.* at 12.) The Insureds thereafter obtained deposition transcripts containing

---

[1]Plaintiff Access Medical ("Access") conducted the same kind of business as Flournoy. (ECF No. 1-1 at 9.) Flournoy expected to receive certain profits from Access as well as profits from other companies that were owned by Switzer. (*Id.*)

[2]The Insureds' policy with Nautilus required Nautilus to defend and indemnify the Insureds for "personal and advertising injuries" resulting from claims relating to the "oral or written publication, in any manner, of material that slanders or libels a person or organization or disparages a person's or organization's goods, products, or services." (ECF No. 13-1 at 3.)

1  testimony that the Insureds believed triggered Nautilus's duty to defend and filed a motion

2  for relief pursuant to Fed. R. Civ. P. 60(b)(2). (ECF No. 1-1 at 15-16.) The Court denied

3  the Insureds' motion on the basis that the deposition transcripts were not relevant to the

4  relief that Nautilus requested in the Coverage Action. (*Id.* at 17.)

5  The Insureds then filed this action against Nautilus alleging five claims: (1)

6  declaratory relief (in the form of declarations that Nautilus owed a duty to defend and

7  indemnify in the Switzer Action and that Nautilus was required to pay in full for the

8  Insureds' independent counsel); (2) breach of contract; (3) breach of implied covenants;

9  (4) promissory estoppel; and (5) violation of various provisions of NRS § 686A.310, which

10  prohibits insurers from engaging in certain unfair claims settlement practices. (ECF No. 1-

11  1.) Although the Insureds initially filed the lawsuit in Nevada state court, Nautilus removed

12  to this Court. (ECF No. 1.)

13  The Court dismissed the Insured's first, second, and third claims as precluded by

14  the Coverage Action. (ECF No. 36 at 10.) The Court dismissed the Insured's fifth claim

15  with leave to amend portions of the claim. (*Id.* at 17-18.) The Insureds filed a First

16  Amended Complaint ("FAC") containing three claims: (1) promissory estoppel; (2) tortious

17  breach of the covenant of good faith and fair dealing; (3) unfair claims practices. (ECF No.

18  37 at 14-17.)

19  **III.    THE INSUREDS' MOTION FOR RECONSIDERATION (ECF NO. 42)**

20  **A.    LEGAL STANDARD**

21  A district court "possesses the inherent procedural power to reconsider, *rescind*, or

22  modify an interlocutory order for cause seen by it to be sufficient." *City of L.A., Harbor Div.*

23  *v. Santa Monica Baykeeper*, 254 F.3d 882, 888 (9th Cir. 2001) (citation omitted); *see also*

24  Fed. R. Civ. P. 54(b) ("any order or other decision, however designated, that adjudicates

25  fewer than all the claims . . . may be revised at any time before the entry of a judgment").

26  Thus, all district court rulings are subject to revision at any time before the entry of

27  judgment so long as the court retains jurisdiction over a case. *United States v. Smith*, 389

28  F.3d 944, 949 (9th Cir. 2004).

A motion for reconsideration must set forth the following: (1) some valid reason why the court should revisit its prior order; and (2) facts or law of a "strongly convincing nature" in support of reversing the prior decision. *Frasure v. United States*, 256 F. Supp. 2d 1180, 1183 (D. Nev. 2003). Reconsideration may be appropriate if the court: "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) there is an intervening change in controlling law." *Nunes v. Ashcroft*, 375 F.3d 805, 807-08 (9th Cir. 2004). "There may also be other, highly unusual, circumstances warranting reconsideration." *Sch. Dist. No. 1J, Multnomah Cty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir.1993).

On the other hand, a motion for reconsideration is properly denied when the movant fails to establish any reason justifying relief. *Backlund v. Barnhart*, 778 F.2d 1386, 1388 (9th Cir. 1985) (holding that a district court properly denied a motion for reconsideration in which the plaintiff presented no arguments that were not already raised in his original motion). Motions for reconsideration are not "the proper vehicles for rehashing old arguments," *Resolution Tr. Corp. v. Holmes*, 846 F. Supp. 1310, 1316 (S.D. Tex. 1994) (footnotes omitted), and are not "intended to give an unhappy litigant one additional chance to sway the judge." *Durkin v. Taylor*, 444 F. Supp. 879, 889 (E.D. Va. 1977). "As a general rule, the Court does not consider evidence on a motion for reconsideration if the evidence could have been provided before the decision was rendered initially." *Ariz. Civil Liberties Union v. Dunham*, 112 F. Supp. 2d 927, 935 (D. Ariz. 2000) (citation omitted).

**B.    DISCUSSION**

The Court's prior order dismissing the Insured's claims for declaratory relief, breach of contract, and breach of implied covenants was predicated in part on a finding that the evidence advanced in this proceeding substantially overlapped the evidence presented in the Coverage Action. (*See* ECF No. 36 at 8.) The Court found that there was substantial overlap because the Insureds introduced only two new pieces of evidence that were not considered in the Coverage Action, both of which were of dubious value: (1) a deposition statement by Switzer and (2) a deposition statement by Switzer's wife. (*See id.* at 8-9.)

4

The Insureds relied on these statements to show that an email ("Weide E-mail") sent by a Jacqueline Weide, a representative of Access, contained a false statement of fact that could give rise to a defamation claim against the Insureds. (*See* ECF No. 20 at 11-12.) The Weide E-mail stated that Switzer was "banned from selling Alphatec products." (ECF No. 1-1 at 12.) The Insureds argued that the deposition statements showed that Switzer had not been banned from selling Alphatec products, although the Insureds did not adduce the actual deposition transcript in their Complaint or response to Nautilus's motion to dismiss. (*See* ECF No. 1-1 at 16 ("When Ted Switzer was deposed in the Underlying Action, he indicated that he might have been terminated from selling Alphatec products."); ECF No. 20 at 15 (same).) The Court found that the Insureds' paraphrased summary of Switzer's deposition testimony was of dubious value because it merely showed that the Weide E-mail may have been true. (ECF No. 36 at 9.)

The Insureds argue that the Court committed clear error by misconstruing Switzer's deposition statement and, in finding that the Coverage Action precluded their first three claims on this basis, reached a decision that was manifestly unjust. (ECF No. 42 at 7, 10-11.) According to the Insureds, the following testimony from Switzer's deposition shows that Switzer was not banned from selling Alphatec products. If Switzer was not banned from selling Alphatec products, then the Weide E-mail may have falsely asserted that he was in fact banned, giving rise to a defamation claim.

> Q. Okay. So at the time that Rich Cuellar came to speak with you, you were -- was it your understanding that you --
>
> At that time, so sometime between April 13th and April 28th, he comes to meet with you with Sonny, right?
>
> A. Uh-huh.
>
> Q. And it's because this Wall Street Journal article has come out, and he came to tell you that Alphatec may terminate you, correct?
>
> A. Exactly right.
>
> Q. And at that time he suggested --
>
> A. No, that's not exactly -- no -- I'm sorry. All right. You're putting words in my -- what he said was, "Alphatec wasn't excited about The Wall Street Journal article, and they'd be more comfortable" -- he didn't say they were going to terminate me, they would terminate -- might terminate me.

He just said, "They just weren't comfortable with that Wall Street Journal article."

And I said, "Well, I'm not comfortable with it either."

Q.    And you said -- you testified a few minutes ago that they -- he said "they may cut you off," right? Those were your words?

A.    Yeah, he said, "They might." "Might" is the word. "Might."

(ECF No. 44-1 at 40-41; *see also* ECF No. 42 at 7.)

Nautilus argues that the deposition testimony does not constitute "newly discovered evidence" since it was available to the Insureds when they opposed Nautilus's motion to dismiss. (ECF No. 48 at 9-10.) The Insureds do not directly address this argument but maintain that the Court's decision to dismiss their claims is manifestly unjust for the following reason:

Judge Dorsey declined to determine if the new evidence triggered the duty to defend because that was not the issue presented to her. In fact, one of Judge Dorsey's Order[s] explicitly stated the Insured[]s needed to file a new lawsuit to obtain a decision regarding whether or not the new evidence triggered the duty to defend. This Court's Order dismissing causes of action based upon the new evidence prevents the Insureds from having their day in Court and obtaining a decision on the merits.

(ECF No. 53 at 4-5 (citation omitted).)

The Court agrees with the Insureds that declining to hear the new evidence on its merits is manifestly unjust in light of District Judge Jennifer A. Dorsey's order. *See Nautilus Ins. Co. v. Access Medical, LLC*, No. 2:15-cv-00321-JAD-GWF, ECF No. 118 at 4 ("The proper course would likely be for the defendants to file a new case based on these new events."). The Insureds should have presented the new evidence more clearly in their response to Nautilus's motion to dismiss in order to demonstrate its distinct probative value relative to the evidence adduced in the Coverage Action. Nevertheless, it is now apparent that Switzer's deposition testimony suggests the Weide E-mail was false.[3] Thus, the Court should consider—and the parties should have an opportunity to litigate—whether

///

///

_____

[3]The paraphrased summary of Switzer's deposition testimony did not clearly suggest that the Weide E-mail was false, though it was susceptible to such an interpretation. (*See* ECF No. 1-1 at 16; ECF No. 20 at 15.)

Switzer's deposition testimony, among other newly discovered evidence, triggered Nautilus's duty to defend.

The Court declines to consider Nautilus's other arguments, such as those relating to whether the deposition testimony actually triggered Nautilus's duty to defend, because the Insureds' motion raises only the limited issue of whether the Court erred in finding that the Coverage Action precluded the first three claims in the Insureds' original complaint. Having found that one of the elements of issue preclusion—substantial overlap of evidence—was not in fact satisfied, the Court will reverse its prior order in part. The Court now finds, contrary to its prior order, that the Coverage Action does not preclude the first three claims in the Insureds' original complaint.

## IV. CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the motions before the Court.

It is therefore ordered that the Insureds' motion for reconsideration (ECF No. 42) is granted. The Insureds are instructed to file an amended complaint consistent with this order and the Court's prior order (ECF No. 36) within fifteen (15) days of the date of this order. Failure to file an amended complaint within the prescribed time will result in dismissal of this action with prejudice.

It is further ordered that Nautilus's motion to dismiss (ECF No. 52) is denied as moot.

DATED THIS 11th day of September 2018.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE