|   |   |
|---|---|
| 1 | |
| 2 | |
| 3 | |
| 4 | UNITED STATES DISTRICT COURT |
| 5 | DISTRICT OF NEVADA |
| 6 | * * * |

| | |
|---|---|
| ROBERT "SONNY" WOOD, an individual; ACCESS MEDICAL, LLC, a Delaware limited liability company, | Case No. 2:17-cv-02393-MMD-CWH |
| | ORDER |
| Plaintiffs, | |
| v. | |
| NAUTILUS INSURANCE GROUP, a Delaware limited liability company, *et al.,* | |
| Defendant. | |

This is a dispute about insurance coverage. Before the Court are Defendant Nautilus Insurance Company's ("Nautilus") motion to strike[1] (ECF Nos. 77) and motion to dismiss (ECF No. 80) Plaintiffs Robert "Sonny" Wood and Access Medical, LLC's (together, "Insureds") Second Amended Complaint ("SAC") (ECF No. 73). The Court has reviewed the Insureds' responses (ECF Nos. 86, 87) as well as Nautilus's replies (ECF Nos. 92, 93). For the following reasons, the Court denies Nautilus's motions.

Nautilus moves to strike numerous allegations supporting the Insureds' claims under Federal Rule of Civil Procedure 12(f). (ECF No. 78 at 11.) Rule 12(f) allows the Court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." "Motions to strike are generally regarded with disfavor." *Roadhouse v. Las Vegas Metro. Police Dep't*, 290 F.R.D. 535, 543 (D. Nev. 2013) (quoting *Mag Instrument, Inc. v. JS Prods., Inc.*, 595 F. Supp. 2d 1102, 1106 (C.D.

---

[1] The Court has reviewed the filings related to the motion to strike: ECF No. 78 (memorandum), ECF No. 79 (request for judicial notice), and ECF No. 81 (supporting declaration).

Cal. 2008)). The purpose of a motion to strike is to avoid "the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds*, 510 U.S. 517 (1994) (quoting *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983)). "Given their disfavored status, courts often require a showing of prejudice by the moving party before granting the requested relief." *Roadhouse*, 290 F.R.D. at 543 (quoting *Mag Instrument*, 595 F. Supp. 2d at 1106)). "Whether to grant a motion to strike lies within the sound discretion of the district court." *Id.*

Nautilus primarily requests that the Court strike certain allegations because they are barred by issue preclusion.[2] (ECF No. 78 at 11-14.) But the Court already has ruled on issue preclusion in this case twice, most recently finding that issue preclusion did not bar the claims raised by the Insureds at the time.[3] (*See* ECF No. 36; ECF No. 72 at 4-7.) Moreover, Nautilus's motion amounts to "an attempt to have certain portions of [the Insureds'] complaint dismissed or to obtain summary judgment against [the Insureds] as to those portions of the suit." *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 974 (9th Cir. 2010). Not only does Nautilus argue that certain allegations are precluded as a matter of law, Nautilus's motion to dismiss hinges on the success of its motion to strike. (*See* ECF No. 80 at 9-10 ("Should the Court grant Nautilus's Motion to Strike, the remaining allegations in the SAC . . . . are not enough to state claims against Nautilus for breach of contract, breach of the implied covenant, or unfair claims practices.").) Thus, Nautilus's arguments are "better suited for a Rule 12(b)(6) motion or a Rule 56 motion, not a Rule 12(f) motion." *Whittlestone*, 618 F.3d at 974. Given that "Rule 12(f) is neither an authorized nor a proper way to procure the dismissal of all or a part of a complaint," *Yamamoto v.*

///

---

[2] Nautilus also argues that the Court should strike the Insureds' allegations that Nautilus violated NRS § 686A.310(1)(b) and (d) based on the Court's prior order dismissing those claims without leave to amend (ECF No. 78 at 14), but this argument—like its primary argument—is better suited to a Rule 12(b)(6) motion or a Rule 56 motion.

[3] Two of those claims—breach of contract and breach of the implied covenant—remain in the SAC. (ECF No. 73 at 18, 21.)

2

*Omiya*, 564 F.2d 1319, 1327 (9th Cir. 1977) (internal quotation marks omitted), the Court denies Nautilus's motion to strike. The Court also denies Nautilus's motion to dismiss because it is predicated on the success of the motion to strike.

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the motions before the Court.

It is therefore ordered that Nautilus's motion to strike (ECF No. 77) and motion to dismiss (ECF No. 80) are denied.

DATED THIS 23rd day of April 2019.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE