UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

ROBERT "SONNY" WOOD, an individual; ACCESS MEDICAL, LLC, a Delaware limited liability company,

Plaintiffs,

v.

NAUTILUS INSURANCE COMPANY, an Arizona corporation; and DOES I through X, inclusive; and ROE CORPORATIONS I through X, inclusive,

Defendants.

Case No. 2:17-cv-02393-MMD-DJA

ORDER

**I.  SUMMARY**

This is a dispute about insurance coverage. Before the Court are two motions: (1) Plaintiffs Access Medical, LLC and Robert "Sonny" Wood, II's ("Insureds") objection (ECF No. 119) to an oral ruling by United States Magistrate Judge Carl W. Hoffman regarding discovery (ECF No. 116 (minutes of proceedings); ECF No. 118 (transcript of proceedings)) and (2) the Insureds' motion to dismiss (ECF No. 141) Defendant Nautilus Insurance Company's ("Nautilus") cross claims.[1] The Court has reviewed the relevant responses (ECF Nos. 129, 155) and reply (ECF No. 160). For the following reasons, the Court overrules the Insureds' objection and grants the Insureds' motion to dismiss.

**II.  BACKGROUND**

This action is intertwined with two other actions, one filed in California state court in 2011 ("Switzer Action") and the other filed in this court in 2014 ("Coverage Action"). In the Switzer Action, a non-party named Ted Switzer alleged four claims for interference

///

---

[1]Nautilus filed an amended answer (ECF No. 167) in accordance with a Court order (ECF No. 166). The cross claims in that filing seem to be unchanged. Accordingly, the Court will construe the Insureds' motion to dismiss as if it were directed to the document filed at ECF No. 167.

with prospective economic advantage against the Insureds. In the Coverage Action, Nautilus obtained a declaration that it was not required to defend or indemnify the Insureds in the Switzer Action. In the current action, the Insureds primarily contend that Nautilus was required to defend and indemnify them in the Switzer Action after all.

The Switzer Action arose from a soured business relationship formed between Plaintiff Wood and a non-party, Ted Switzer. (*See* ECF No. 13-1 at 3.) Wood and Switzer founded Flournoy Management, LLC ("Flournoy") to market and sell medical implants.[2] (*Id.*) When the relationship deteriorated, Switzer initiated the Switzer Action against Wood and Flournoy to compel access to Flournoy's books and records. (ECF No. 1-1 at 9-10.) In the course of the Switzer Action, Switzer filed a cross-complaint asserting *inter alia* four claims for interference with prospective economic advantage against the Insureds. (*See* ECF No. 13-1 at 3, 7.)

Nautilus initiated the Coverage Action after the Insureds requested that Nautilus defend them in the Switzer Action. (ECF No. 1-1 at 12-13.) Nautilus sought a declaration in the Coverage Action that it did not owe a duty to defend or indemnify the Insureds. (*Id.* at 13.) The Insureds argued that Nautilus owed a duty to defend and indemnify because Switzer might advance a defamation claim based on certain factual allegations in his cross complaint. (ECF No. 13-1 at 7.) (The insurance policy essentially required Nautilus to defend the Insureds against defamation claims.[3]) Nautilus argued that the factual allegations in the cross complaint, coupled with the lack of any live defamation claims, were insufficient to trigger its duty to defend and indemnify. (*See id.*) The court agreed with Nautilus and declared that it did not owe a duty to defend or indemnify. (*Id.* at 12.)

///

---

[2] Plaintiff Access Medical ("Access") conducted the same kind of business as Flournoy. (ECF No. 1-1 at 9.) Flournoy expected to receive certain profits from Access as well as profits from other companies that were owned by Switzer. (*Id.*)

[3] The Insureds' policy with Nautilus required Nautilus to defend and indemnify the Insureds for "personal and advertising injuries" resulting from claims relating to the "oral or written publication, in any manner, of material that slanders or libels a person or organization or disparages a person's or organization's goods, products, or services." (ECF No. 13-1 at 3.)

Despite that judgment, the Insureds filed suit against Nautilus alleging five claims: (1) declaratory relief (in the form of declarations that Nautilus owed a duty to defend and indemnify in the Switzer Action and that Nautilus was required to pay in full for the Insureds' independent counsel); (2) breach of contract; (3) breach of implied covenants; (4) promissory estoppel; and (5) violation of various provisions of NRS § 686A.310, which prohibits insurers from engaging in certain unfair claims settlement practices. (ECF No. 1-1.) Although the Insureds initially filed the lawsuit in Nevada state court, Nautilus removed to this Court. (ECF No. 1.) The Court dismissed the first three claims as issue precluded (ECF No. 36 at 10), and the Insureds filed a first amended complaint ("FAC") (ECF No. 37). On reconsideration, the Court found that the first three claims were not in fact barred by issue preclusion. (ECF No. 72 at 7.) The Insureds then filed a second amended complaint ("SAC") asserting the following claims: (1) breach of contract; (2) promissory estoppel; (3) tortious breach of the covenant of good faith and fair dealing; and (4) unfair claim practices. (ECF No. 73 at 18-28.)

### III. THE INSUREDS' OBJECTION (ECF NO. 119)

#### A. Background

In their First Set of Requests of Production, the Insureds sought Nautilus's claim file, underwriting file, training manuals, and compensation of its employees that related to the Switzer Action. (ECF No. 119 at 7.) Nautilus refused to produce the information based on attorney privilege, work product, and relevance grounds. (*Id.* at 7-8.)

The Insureds then filed a motion to compel production of the documents. (ECF No. 97.) Judge Hoffman granted the motion in part and denied it in part. (ECF Nos. 116.) Judge Hoffman premised his decision on a conclusion that three pieces of new evidence ground the current litigation: (1) the deposition statement of Switzer; (2) an attempted jury instruction on defamation; and (3) a deposition statement by Switzer's wife. (*See* ECF No. 118 at 4.) Judge Hoffman thus granted the Insureds' motion as to the claims manual and training information as well as the claims file and the reinsurance file, though only to the extent that the latter two items related to the three pieces of new evidence. (*Id.* at 10,

21-22.) Judge Hoffman denied the Insureds' motion as to the underwriting file, compensation file and insurance file. (*Id.* at 21.)

B.   **Legal Standard**

Magistrate judges are authorized to resolve pretrial matters subject to district court review under a "clearly erroneous or contrary to law" standard. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a) (a "district judge . . . must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law"); *see also* LR IB 3-1(a) ("A district judge may reconsider any pretrial matter referred to a magistrate judge in a civil or criminal case under LB IB 1-3, when it has been shown the magistrate judge's order is clearly erroneous or contrary to law."). A magistrate judge's order is "clearly erroneous" if the court has a "definite and firm conviction that a mistake has been committed." *See United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Jadwin v. County of Kern*, 767 F. Supp. 2d 1069, 1110-11 (E.D. Cal. 2011) (quoting *DeFazio v. Wallis*, 459 F. Supp. 2d 159, 163 (E.D.N.Y. 2006)). When reviewing the order, however, the magistrate judge "is afforded broad discretion, which will be overruled only if abused." *Columbia Pictures, Inc. v. Bunnell*, 245 F.R.D. 443, 446 (C.D. Cal. 2007). The district judge "may not simply substitute its judgment" for that of the magistrate judge. *Grimes v. City & County of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991) (citing *United States v. BNS, Inc.*, 858 F.2d 456, 464 (9th Cir. 1988)).

C.   **Analysis**

The Insureds object to Judge Hoffman's order on the following grounds: (1) Judge Hoffman clearly erred by shifting the burden of proving proportionality to the Insureds and (2) Judge Hoffman clearly erred by finding that the requested information was not relevant and proportional to the needs of the Insureds' claims. (*See* ECF No. 119 at 10, 13.) Nautilus counters that Judge Hoffman's ruling limited discovery consistent with the scope of the Insureds' claims. (*See* ECF No. 129 at 2.) The Court agrees with Nautilus.

///

1         The parties' arguments stem from differing views about the effect of the Court's prior order granting the Insureds' motion for reconsideration. The Court previously found that the Insureds' claims for declaratory relief, breach of contract, and breach of the implied covenants were barred by the doctrine of issue preclusion. (ECF No. 36 at 10.) The Court based its decision in part on the substantial overlap of evidence between the claims advanced in this action and the claims advanced in the Coverage Action. (*See id.* at 8-9.) The Insureds moved for reconsideration and clarified that the evidence they were relying upon to support their claims did not in fact substantially overlap the evidence presented in the Coverage Action. (ECF No. 42 at 11.) The Court agreed, finding that "the parties should have an opportunity to litigate . . . whether Switzer's deposition testimony, among other newly discovered evidence, triggered Nautilus's duty to defend." (ECF No. 72 at 6-7.)

        The Insureds' arguments in their objection to Judge Hoffman's order are predicated on a different interpretation of the Court's order granting their motion for reconsideration. The Insureds contend that their "claims against Nautilus are not limited to whether the newly discovered evidence created a duty to defend." (ECF No. 119 at 15.) In fact, the Insureds' claims are limited in this way. This is because the Insureds already litigated in the Coverage Action the issue of whether Nautilus owed a duty to defend in the Switzer Action based on the information available at the time Nautilus filed the Coverage Action. The Court only permitted the Insureds' claims for breach of contract and breach of implied covenants to proceed in this action to the extent that they were based on new evidence that did not substantially overlap the evidence presented in the Coverage Action. (*See* ECF No. 72 at 6-7.) Thus, the Insureds have not demonstrated that Judge Hoffman clearly erred. He found that the only relevant discovery would be related to the new evidence that distinguished the issues raised in this litigation from the issues raised in the Coverage Action. Limiting the discovery to the new evidence also reflects the goal of proportionality. This was not clearly erroneous.

        Accordingly, the Court overrules the Insureds' objection.

## IV. THE INSUREDS' MOTION TO DISMISS (ECF NO. 141)

In the Coverage Action, Nautilus sought reimbursement for the costs it incurred in defending the Insureds. *See Nautilus Ins. Co. v. Access Med., LLC*, No. 17-16265, 2019 WL 2812407, at *2 (9th Cir. July 2, 2019). "The district court denied Nautilus's request for reimbursement for three reasons: (1) Nautilus did not include a claim for reimbursement or damages in its complaint; (2) [28 U.S.C.] § 2202 itself does not allow for an award of damages; and (3) Nevada law did not permit Nautilus to recover defense costs under a unilateral reservation of rights." *Id.* The Ninth Circuit rejected the district court's first two reasons for denying Nautilus's request and stayed the proceedings pending a certified question to the Nevada Supreme Court: whether Nautilus is entitled to reimbursement under Nevada law. *Id.*

Nautilus filed the following cross claims: (1) unjust enrichment against all cross Defendants; (2) equitable estoppel against all cross Defendants; and (3) equitable subrogation against Defendants Access Medical and Wood. (ECF No. 167 at 24-26.)

The Insureds argue that these claims are barred by the doctrines of issue preclusion and claim preclusion. (ECF No. 141 at 5-6.) Nautilus only disputes whether the decision in the Coverage Action is a final judgment with preclusive effect. (*See* ECF No. 155 at 5-6.) Nautilus bases its argument on the appeal of the decision in the Coverage Action. (*See id.*)

The decision about reimbursement in the Coverage Action constitutes a final judgment with preclusive effect. "The federal rule on the preclusive effect of a judgment from which an appeal has been taken is that the pendency of an appeal does not suspend the operation of an otherwise final judgment for purposes of res judicata." *Eichman v. Fotomat Corp.*, 759 F.2d 1434, 1439 (9th Cir. 1985); *see also Thurman v. Gen. Mills Operations Inc.*, 210 F. App'x 614, 615 (9th Cir. 2006) (citing *Eichman*, 759 F.2d at 1439).

Nautilus argues that the appeal of the district court's decision is not pending because the Ninth Circuit "issued its ruling overturning the district court's decision." (ECF No. 155 at 5.) But the Ninth Circuit has not finally resolved the question of whether

Nautilus can recover defense costs. Rather, the Ninth Circuit stayed proceedings regarding the availability of such relief. *See Nautilus*, No. 17-16265, 2019 WL 2812407, at *2.

Nautilus further argues that the Nevada Supreme Court could decline to hear the certified question from the Ninth Circuit (ECF No. 155 at 6), but that possibility does not demonstrate that the district court's judgment is not final.

Accordingly, the Court grants the Insureds' motion to dismiss Nautilus's cross claims.

**V.    CONCLUSION**

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the motions before the Court.

It is therefore ordered that the Insureds' objection (ECF No. 119) is overruled.

It is further ordered that the Insureds' motion to dismiss Nautilus's cross claims (ECF No. 141) is granted. Nautilus's cross claims are dismissed.

DATED THIS 7th day of October 2019.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE