1

2

3                          UNITED STATES DISTRICT COURT

4                                DISTRICT OF NEVADA

5                                        * * *

6    ROBERT "SUNNY" WOOD, et al.,              Case No. 2:17-cv-02393-MMD-DJA

7                    Plaintiffs,
                                               **ORDER**
8          v.

9    NAUTILUS INSURANCE GROUP,

10                   Defendant.

11

12         This matter is before the Court on Defendant's Motion for Protective Order (ECF No.

13   237), filed on September 3, 2020.  Plaintiffs filed a Response (ECF No. 244) on September 17,

14   2020 and Defendant file a Reply (ECF No. 245) on September 24, 2020.  The Court finds this

15   matter properly resolved without a hearing.  LR 78-1.

16         **I.     BACKGROUND**

17         The parties are familiar with the issues in this case and the Court will only reference what

18   is necessary here.  The Court has had multiple hearings and issued multiple orders confirming the

19   scope of discovery in this case – as far back as Judge Hoffman's hearing on May 9, 2019.

20   Nevertheless, Defendant again seeks a protective order requiring the Insureds to comply with the

21   discovery orders already issued by the Court.  (ECF No. 237).  The parties met and conferred

22   regarding the Rule 30(b)(6) deposition of Defendant and ultimately were not able to agree on the

23   scope of the deposition notice in its sixth version issued on September 1, 2020 for a deposition to

24   occur on September 4, 2020.  Defendant requests that the Court limit the scope of the Rule

25   30(b)(6) deposition to be consistent with its prior orders on discovery and grant its request for

26   sanctions.

27         The Insureds respond that they made significant changes to the deposition notice's

28   categories in order to comply with the Court's prior rulings regarding the scope of discovery in

1    this case.  (ECF No. 244).  They claim that an agreement was reached on all items except for the

2    definition of New Evidence and only that issue was to be submitted to the Court for

3    determination.  They argue that Defendant went back on that agreement and now submits even

4    more issues than were discussed during the meet and confer efforts.  As a result, the Insureds

5    request that the Court permit new evidence to be defined as outlined in Judge Du's Order as "new

6    evidence that did not substantially overlap the evidence presented in the Coverage action."  (ECF

7    No. 72).  They also argue that the deposition should not be limited to the four pieces of new

8    evidence outlined by Judge Hoffman as they could find additional evidence to support their

9    claims.

10       Defendant replies that the new evidence definition was defined by Judge Hoffman in ECF

11   No. 118, which was upheld by Judge Du in ECF No. 168.  As such, Defendant contends that the

12   Insureds' attempt to expand discovery beyond that scope is not permittable.  Further, Defendant

13   argues that no limitation on discovery for any information after the date the Coverage Action was

14   filed completely disregards the Court's prior orders.

15       **II.    DISCUSSION**

16       After careful consideration of the parties' extensive meet and confer efforts, the Court

17   finds that all of the issues raised by Defendant in the Motion are ripe for its adjudication.  While it

18   acknowledges that the parties attempted to compromise, the Insureds' effort to describe that as a

19   final binding agreement on all issues except for the definition of new evidence is simply not

20   persuasive.  It is obvious that the parties were not able to agree on a final, binding compromise

21   for the notice's topics.

22       For what the Court hopes is the final time, it will define the scope of permissible

23   discovery, which also applies for the Rule 30(b)(6) deposition.  The Insureds are not entitled to

24   conduct discovery on evidence that substantially overlaps the evidence from the Coverage Action.

25   Their Rule 30(b)(6) deposition topics are limited to exploring new evidence as defined as: (1) the

26   deposition testimony of Jacqueline Weide, Ted Switzer, and Dixie Switzer, and (2) Mr. Switzer's

27   alleged attempt to submit a jury instruction for defamation.  This is consistent with Judge

28

1   Hoffman's limitation of discovery.  (ECF No. 118).  It is also consistent with this Court's prior

2   rulings.

3          Even though the Insureds speculate that other new evidence may exist, this mere

4   speculation is not enough to contravene orders entered by Judge Du, Judge Hoffman and this

5   Court many times previously in this case.  As it relates to the Rule 30(b)(6) deposition, the Court

6   is not persuaded that there should be no limitation at all on discovery following the date that the

7   Coverage Action was filed.  As a result, the Court will adopt Defendant's requested scope for the

8   topics of the 30(b)(6) deposition including both topics two and three.  As to topics nine and ten

9   regarding disclosures, the Court accepts Defendants concession that it will go forward with topic

10  nine as listed in the Insureds' Seventh Amended Notice of Deposition.  The Court will limit topic

11  ten to the scope of this case as outlined above such that the Second Amended Complaint

12  allegations may be explored within the limitations of the new evidence defined by this Court

13  above.  The Court does not find the attorney agreement and guidelines document to be within the

14  scope of the deposition as it was three years prior to the re-tenders of defense in July 2017.

15  Similarly, discovery from the Coverage Action is clearly not new evidence and does not need to

16  be explored in this Rule 30(b)(6) deposition.  Finally, the *Lillibridge* action documents are not to

17  be explored as they are from a case in a different district, which do not fall within the new

18  evidence scope of this case.

19          As for Defendant's sanctions request, the Court finds that the Insureds' behavior in failing

20  to conform the Rule 30(b)(6) deposition notice to the scope of discovery in this case was not

21  substantially justified and it would not be unjust to award Defendant its fees in having to bring the

22  instant motion.  This is not the first, second, or even the third time that the Court has issued an

23  order on the scope of discovery, much less defined the new evidence to be explored in discovery

24  in this case.  It recognizes that the Insureds did attempt to comply and went as far as quoting court

25  orders, but their attempt fell short.  The Court does not believe harsher sanctions are warranted at

26  this time, however, given the Insureds' efforts to comply.  It will deny Defendant's motion only

27  to the extent that harsher sanctions are requested.  As a result, the Court will order the parties to

28  meet and confer to attempt to agree on the amount of fees and costs due to Defendant.  To the

extent the parties cannot agree or compromise on an amount, the Court will set a briefing schedule to determine the amount as follows: Defendant's motion for fees is due within 14 days of this order; the Insureds' response is due within 14 days of the motion; and any reply by Defendants is due 7 days after the response.

**III.   CONCLUSION**

IT IS THEREFORE ORDERED that Defendant's Motion for Protective Order (ECF No. 237) is **granted in part and denied in part.**

IT IS FURTHER ORDERED that the parties shall meet and confer as to the amount of fees and costs due to Defendant and if they cannot reach an agreement, Defendant shall file a motion for fees related to this Order within 14 days with the Response due 14 days thereafter and Reply 7 days thereafter.

DATED: October 6, 2020.

DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE