UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ROBERT "SONNY" WOOD, *et al.*,<br><br>      Plaintiffs,<br> v.<br>NAUTILUS INSURANCE COMPANY,<br><br>      Defendant. | Case No. 2:17-cv-02393-MMD-DJA<br><br>ORDER |

**I. SUMMARY**

This case involves claims for bad-faith relating to an underlying insurance coverage action. The matter before the Court is a discovery dispute. Plaintiffs Robert "Sonny" Wood and Access Medical, LLC have filed two objections to orders issued by Magistrate Judge Daniel J. Albregts pertaining to the proper scope of discovery. Plaintiffs' first objection ("First Objection") (ECF No. 221) requested the Court vacate Judge Albregts' order ("Sanctions Order") (ECF No. 220) granting Defendant sanctions for their costs preparing their motion to quash. Plaintiffs' second objection ("Second Objection") (ECF No. 249) argued that Judge Albregts' order ("Deposition Order") (ECF No. 246) largely granting Defendant Nautilus Insurance Company's motion for a protective order (ECF No. 237), including another award for discovery sanctions (ECF No. 250), was contrary to law. The Court has reviewed Judge Albregts' orders, Plaintiffs' objections, Defendant's responses (ECF Nos. 225 (response to First Objection), 251 (response to Second Objection)), and the underlying briefs.[1] Because the Court does not find that Judge Albregts clearly erred by granting the motion for protective order but did clearly err

---

[1] Per Local Rule IB 3-1(a), "[r]eplies will be allowed only with leave of the court." Plaintiffs did not seek the Court's leave before filing their reply (ECF Nos. 228, 252) to either of Defendants' Responses (ECF Nos. 225, 251). Accordingly, the Court will not consider Plaintiffs' replies, and will direct the Clerk to strike them.

in finding Plaintiffs' opposition was not substantially justified, the Court will overrule Plaintiffs' Second Objection as to Judge Albregts determination of the motion, but will sustain the Second Objection as to the award for discovery sanctions. The Court likewise finds that Plaintiffs' opposition to the motion to quash was substantially justified, and will therefore sustain Plaintiff's First Objection.

## II.     BACKGROUND

The Court has ruled several times in this case on the scope of permissible discovery. (ECF Nos. 118, 168, 203, 234, 246.) Because the claims available to Plaintiffs are limited by issue preclusion from the underlying coverage action ("Coverage Action"), concerns of duplicative litigation also implicate the scope of discovery. (ECF No. 72 at 6.) In a prior order, the Court limited Plaintiffs' claims for bad faith to those which did not rely on evidence that "substantially overlapped" with claims in the Coverage Action. (*Id.*) Several disputes over the proper scope of discovery followed, which the Court describes below.

### A.     Potential Overlap Between the Coverage Action and Bad Faith Action

This action is intertwined with two other actions, one filed in California state court in 2011 ("Switzer Action") and the other filed in this court in 2014 before U.S. District Judge Jennifer A. Dorsey ("Coverage Action"). More specifically, the parties previously litigated in the Coverage Action whether Insurer Nautilus had a duty to defend Insureds Wood and Access Medical, LLC, in the Switzer Action. (ECF No. 168 at 1.) Non-party Ted Switzer had filed the Switzer Action after his business relationship with the Insureds soured, claiming various tortious actions including "interference with prospective economic advantage." (ECF No. 37 at 4-6.) Plaintiffs claimed that Switzer had made potentially defamatory statements against them and tendered their defense in the Switzer Action to Defendant, alleging they were owed a defense because their policy covered "Personal and Advertising Injury." (*Id.*)

Subsequently, Defendant filed the Coverage Action in this court, asserting it had no duty to defend Plaintiffs. (ECF No. 168 at 2.) Ultimately, Judge Dorsey found that the

evidence before the Court at the time of the Coverage Action was insufficient to trigger Defendant's duty to defend or indemnify Plaintiffs. (*Id.*) After the judgment in the Coverage Action, Plaintiffs obtained deposition transcripts containing testimony that they believed triggered Defendant's duty to defend. (ECF No. 1-1 at 15-16.) But Judge Dorsey denied Plaintiffs' motion for relief from judgment,[2] noting in a footnote that "[t]he proper course would likely be for the [insureds] to file a new case based on these new events."[3] *Nautilus Ins. Co. v. Access Med., LLC*, Case No. 2:15-cv-00321-JAD-GWF, 2017 WL 3484658, at *5, n. 9 (D. Nev. Aug. 11, 2017). Accordingly, Plaintiffs filed a new action alleging five claims against Defendant, including declaratory relief that Nautilus did have a duty to defend Insureds. (ECF No. 1-1.)

The Court initially found these claims were precluded by prior litigation in the Coverage Action, but then granted Plaintiffs' motion for reconsideration of that decision. (ECF No. 72 ("Reconsideration Order").) Judge Dorsey's express ruling that the new evidence was not heard in the Coverage Action was instrumental in the Court finding Plaintiffs' claims were not issue precluded. (*Id.* at 6.) But in order to limit the risk of the parties litigating precluded issues, the Court emphasized that evidence in this matter cannot "substantially overlap" with evidence from the Coverage Action. (*Id.* at 4 (reiterating that the standard of permissible evidence in this action is based on principles of issue preclusion).) Accordingly, the Court ruled that "the Court should consider—and the parties should have an opportunity to litigate—*whether Switzer's deposition*

---

[2]"The problem is that the [insureds'] Rule 60 argument is self-defeating. They argue that they meet the requirements of Rule 60 because they discovered brand new evidence that neither I nor Nautilus has seen before. But brand new evidence has no relevance to this case. Nautilus's complaint sought a declaration that the insurer had no coverage based on the evidence it had *when it filed this case.* It did not seek a declaration about whether it would owe coverage in the future based on newly-discovered evidence. And in any event, this new evidence does not appear to trigger coverage." *Nautilus Ins. Co. v. Access Med., LLC*, Case No. 2:15-cv-00321-JAD-GWF, 2017 WL 3484658, at *1 (D. Nev. Aug. 11, 2017) (emphasis in original opinion).

[3]Incidentally, Judge Dorsey found that Insureds' arguments likely lacked merit. "Even if I were to get to the merits here, I would continue to hold that Nautilus has no coverage obligation." *Id.*

3

*testimony, among other newly discovered evidence*, triggered Nautilus's duty to defend." (*Id.* at 6-7 (emphasis added).)

### B. Prior Discovery Orders and Limitations

Naturally, questions about what constituted 'other newly discovered evidence' arose when the parties commenced discovery. In a hearing to limit requests for the production of documents on May 14, 2019, Magistrate Judge Carl W. Hoffman limited discovery to "new evidence," which he defined as "[t]he deposition statement of Switzer['s] testimony during the trial . . . [a]n attempted jury instruction on defamation . . . [a] deposition statement by Switzer's wife regarding an e-mail that was from 2011 . . . ." (ECF No. 118 at 4.) Judge Hoffman found this scope to be consistent with the Court's above referenced ruling on the motion for reconsideration. (*Id.*)

Plaintiffs objected. The Court overruled Plaintiffs' subsequent objection to Judge Hoffman's ruling and reiterated that "[t]he Court only permitted the Insureds' claims for breach of contract and breach of implied covenants to proceed in this action to the extent that they were based on new evidence that did not substantially overlap the evidence presented in the Coverage Action." (ECF No. 168 at 5.) Accordingly, the Court limited the scope of discovery to avoid duplication of the Coverage Action. (*Id.*) The Court further clarified that "[l]imiting the discovery to new evidence also reflects the goal of proportionality." (*Id.*)

But problems about scope persisted. In the hearings that followed, Magistrate Judge Daniel J. Albregts[4] applied the same scope of discovery used by Judge Hoffman. (ECF Nos. 204 at 6, 235 at 4.) Judge Albregts reasoned first that "given the previously outline[d] scope of discovery and the Court's prior orders," Plaintiff had not demonstrated that the requested material was sufficiently "relevant or proportional to the needs of the

---

[4]In 2019, Judge Hoffman retired, and Judge Albregts took over pretrial matters in this case.

4

case" to justify enforcing a third-party subpoena.[5] (ECF No. 204 at 21.) Later, Judge Albregts explained that his decision to limit discovery to "the four new pieces of evidence" was grounded in limitations set by Judge Hoffman's order and the Court's affirmation of Judge Hoffman's decision. (ECF No. 235 at 4.)

### C.  Plaintiffs' Objections

Defendant filed a motion for protective order to prevent the depositions of two former Nautilus employees and a motion to quash Plaintiffs' subpoena seeking a third-party attorney's file in another bad-faith case against Nautilus. (ECF Nos. 176, 184.) At a hearing on February 20, 2020, Judge Albregts granted both motions and awarded Defendant discovery sanctions, reasoning that the scope of discovery had already been limited by Judge Hoffman. (ECF No. 204.) Plaintiffs filed their First Objection, arguing that sanctions were improperly awarded for a motion to quash and unwarranted because they had sought discovery in good faith. (ECF No. 221.) Defendant subsequently requested sanctions for having to prepare a response to Plaintiffs' First Objection. (ECF No. 225.)

Pending Plaintiffs' upcoming deposition of Defendant's 30(b)(6) witness, Defendant again sought a protective order limiting the scope of discovery to be "consistent with the Court's prior orders" based on Judge Hoffman's determination. (ECF No. 237 at 2.) Plaintiffs requested first that the Court use the definition that new evidence meant solely that which "did not substantially overlap the evidence presented in the Coverage section" and therefore that new evidence should not be limited to the four pieces of new evidence outlined by Judge Hoffman at the May 14, 2019 hearing that the Court affirmed. (ECF Nos. 118 at 4, 168 at 5, 246 at 2.)

Judge Albregts held Plaintiffs "are not entitled to conduct discovery on evidence that substantially overlaps the evidence from the Coverage Action" and that the 30(b)(6) deposition topics would be limited to exploring new evidence as defined as "(1) the deposition testimony of Jacqueline Weide, Ted Switzer, and Dixie Switzer, and (2) Mr.

---

[5]Judge Albregts did, however, direct Defendant to provide the requested claims manuals and training manuals that Plaintiffs sought to obtain with their subpoena. (*Id.*)

5

Switzer's alleged attempt to submit a jury instruction for defamation." (ECF No. 246 at 2.) Judge Albregts maintained that any potential other new evidence was speculative and not sufficient to contravene the Court's several prior orders. (*Id.* at 3.)

Because of the repeated discovery disputes and lack of persuasive evidence presented by Plaintiffs, Judge Albregts found that Plaintiffs' failure to conform their 30(b)(6) notice to the scope of discovery—as he had defined it—warranted sanctions. (*Id.*) Plaintiffs' Second Objection (ECF No. 249) followed, and Defendant again requested sanctions for the preparation of their response (ECF No. 251.)

### III.   LEGAL STANDARD

Magistrate judges are authorized to resolve pretrial matters subject to district court review under a "clearly erroneous or contrary to law" standard. 28 U.S.C. § 636(b)(1)(A); *see also* Fed. R. Civ. P. 72(a); LR IB 3-1(a) ("A district judge may reconsider any pretrial matter referred to a magistrate judge in a civil or criminal case pursuant to LR IB 1-3, where it has been shown that the magistrate judge's ruling is clearly erroneous or contrary to law."). "A decision is contrary to law if it applies an incorrect legal standard or fails to consider an element of the applicable standard." *Ellis v. Benedetti*, Case No. 3:08-cv-00657-MMD-WGC, 2014 WL 1308623, at *4 (D. Nev. Mar. 28, 2014). "The 'contrary to law' standard allows independent, plenary review of purely legal determinations by the Magistrate Judge." *Jadwin v. Cty. of Kern*, 767 F. Supp. 2d 1069, 1110 (E.D. Cal. 2011). A magistrate judge's order is "clearly erroneous" if the court has a "definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948); *accord United States v. Ressam*, 593 F.3d 1095, 1118 (9th Cir. 2010). However, a magistrate judge's decision under 28 U.S.C. § 636(b)(1)(A) is not subject to *de novo* review in its entirety, and the reviewing court "may not simply substitute its judgment for that of the deciding court." *Grimes v. City & Cty. of S.F.*, 951 F.2d 236, 241 (9th Cir. 1991).

///

///

## IV. DEPOSITION ORDER AND PLAINTIFFS' SECOND OBJECTION

The heart of this dispute is the Court's definition of 'new evidence' in this case. Because this action is predicated on the Coverage Action, the Court has carefully limited the scope of discovery to prevent the parties from relitigating issues that are barred on the grounds of issue preclusion. (ECF No. 168 at 4-5.) Judge Albregts defined 'new evidence' for the purposes of the 30(b)(6) deposition as limited to "(1) the deposition testimony of Jacqueline Weide, Ted Switzer, and Dixie Switzer, and (2) Mr. Switzer's alleged attempt to submit a jury instruction for defamation" (ECF No. 246 at 2), rejecting Plaintiffs' contention that 'new evidence' could include "any other evidence that does not 'substantially overlap' the evidence presented in the Coverage Action." (ECF No. 244-13 at 3.) Accordingly, Judge Albregts applied Defendant's definition of 'new evidence' to Plaintiffs' 30(b)(6) deposition notice. (ECF No. 246 at 3-4.)

Plaintiffs' Second Objection asserts that Judge Albregts' decision to exclude their proposed additional new evidence "fails to analyze proportionality as required by [the Federal Rules of Civil Procedure]" and therefore improperly narrowed the scope of discovery. (ECF No. 249 at 3, 14-15.) Because Plaintiffs assert that Judge Albregts' decision is contrary to law, the Court will review *de novo* whether he applied the appropriate standard. *See Jadwin*, 767 F. Supp. 2d at 1110. Plaintiffs further allege that their definition of "new evidence" is proportional to the needs of the case under Rule 26(b)(1)(A), and that had Judge Albregts applied the correct legal standard, the correct result would be to use their definition in the 30(b)(6) deposition notice. (ECF No. 249 at 12-13.) Because the Court finds that Judge Albregts' decision was not contrary to law, as addressed below, the Court considers Plaintiffs' arguments that Judge Albregts reached the wrong result under the clear error standard.[6] *See Grimes*, 951 F.2d at 241 (holding the district court "may not simply substitute its judgment" for that of the magistrate).

///

---

[6]Plaintiffs do not make any specific arguments in their Objection that Judge Albregts clearly erred.

7

Defendant also requests reimbursement for reasonable expenses incurred in the preparation of its opposition to the Second Objection. (ECF No. 251 at 10.) Because Plaintiffs' Second Objection was substantially justified, the Court will deny Defendant's request and vacate Judge Albregts' award for sanctions. *See* Fed. R. Civ. P. 37(a)(5)(A)(ii).

### A. Applicable Legal Standard

Parties may obtain discovery regarding nonprivileged information if the material is both (1) "relevant to any party's claim or defense" and (2) "proportional to the needs of the case," unless otherwise subject to court order. Fed. R. Civ. P. 26(b)(1) The Court enjoys "broad discretion to tailor discovery as it sees fit." *Crown Beverages, Inc. v. Sierra Nev. Brewing Co.*, Case No. 3:16-cv-00695-MMD-VPC, 2017 WL 1508486, at *7 (D. Nev. Apr. 26, 2011) (citing *Crawford-El v. Britton*, 523 U.S. 574, 599 (1998)). "Relevant information for the purposes of discovery is information reasonably calculated to lead to the discovery of admissible evidence." *Surfvivor Media, Inc. v. Survivor Prods.*, 406 F.3d 625, 635 (9th Cir. 2005) (internal quotations omitted). "District courts enjoy wide discretion in deciding relevancy for discovery purposes." *V5 Techs. v. Switch, Ltd.*, 334 F.R.D. 306, 309 (D. Nev. 2019). In fact, the Court must limit the extent of proposed discovery, by motion or on its own, if it determines that the proposed discovery is outside the scope permitted by 26(b)(1). *See* Fed. R. Civ. P. 26(b)(2)(C)(iii).

Contrary to Plaintiffs' assertion in their Second Objection, when a magistrate judge understands the scope of discovery to be expressly limited by court order, it is proper to limit discovery in compliance with prior orders. *See* Fed. R. Civ. P. 26(b)(1), 26(b)(2)(C)(iii); *see also V5 Techs.*, 334 F.R.D. at 313-14 (recognizing the court's authority to limit the scope of a Rule 30(b)(6) deposition in accordance with the scope of Rule 26 when the Court has determined *sua sponte* that the line of interrogation would be irrelevant). Plaintiffs assert that Judge Albregts ruled contrary to law because he did not consider the relevance standard of admissible evidence under Federal Rules of Evidence 401, or weigh the discovery that their proposed definition of "new evidence"

would permit them to obtain. (ECF No. 249 at 14-15.) As further discussed below, neither of these arguments are persuasive.

The standard of relevance for discovery purposes is not the same as the standard governing admissibility of particular evidence at trial. *See Surfvivor Media, Inc.*, 406 F.3d at 635 ("Relevant information for the purposes of discovery is information reasonably calculated *to lead to the discovery of admissible evidence.*") (emphasis added). At the outset of a case, the relevance standard for discovery is therefore broader than that of Federal Rule of Evidence 401, so this would not have been the appropriate standard for Judge Albregts to have applied. But more pertinently, the parties are not at the outset of this case, and the Court has already limited the scope of what is discoverable— "new evidence that distinguished the issues raised in this litigation from the issues raised in the Coverage Action." (ECF No. 168 at 5.) The Court expressly noted that its decision "reflects the goal of proportionality" mandated by Rule 26(b)(1). (*Id.*)

Moreover, Judge Albregts properly used prior limitations to consider the appropriate scope of discovery. And throughout this case, various judges have already weighed in on the appropriate scope of discovery. As Judge Albregts reasoned at the most recent hearing, the proper scope of discovery in this case "has been completely narrowed in terms of the issues by these prior orders." (ECF No. 235 at 4.) Under both the Rule 26 and the law of the case, the magistrate judge who oversees discovery disputes in this case is required to consider whether the ruling would conform with the Court's prior orders limiting the scope of discovery. *See* Fed. R. Civ. P. 26(b)(2)(C)(iii). Judge Albregts therefore did not apply the "incorrect legal standard" but rather properly interpreted his duties in light of the scope of prior discovery orders. *See Ellis*, 2014 WL 1308623, at *4.

Because Judge Albregts acted in accordance with Rule 26 and his obligation to follow prior orders of the Court, he did not act "contrary to law." *See id.*; 28 U.S.C. § 636(b)(1)(A).

///

### B.  Decision to Grant the Motion for Protective Order

Plaintiffs have also failed to demonstrate that Judge Albregts' order is "clearly erroneous" because the Court does not have a "definite and firm conviction that a mistake has been committed." *See U.S. Gypsum Co.*, 333 U.S. at 395. In his order, Judge Albregts looked to the prior orders in this case to maintain the scope of discovery to what the Court had previously determined was relevant and proportionate. (ECF No. 246 at 2-3.) Consequently, Judge Albregts found that discovery beyond what Judge Hoffman articulated as "new evidence" (ECF No. 118 at 4) was "speculative" and was not persuaded to expand the scope of discovery for this deposition without more convincing reasoning. (ECF No. 246 at 3.)

The Court notes that it is entirely possible that other new evidence exists that could be relevant to Plaintiffs' claims. In particular, the new evidence Plaintiffs explicitly pointed to in their opposition to Defendant's motion for protective order suggests there are several areas that were not previously litigated in the Coverage Action, which could produce information relevant to Plaintiffs' claims. (ECF No. 244 at 14.) But Plaintiffs are not entitled to discovery of all relevant issues; they are entitled to discovery on relevant material that is proportional to the needs of the case. *See* Fed. R. Civ. P. 26(b)(1). Judge Albregts considered the potential other new evidence but found Plaintiffs' suggested definition that effectively set "no limitation at all on discovery following the date that the Coverage Action was filed" was not the appropriate proportional standard. (ECF No. 246 at 3.)

Defendant's specific concerns about the scope of the 30(b)(6) deposition only bolster the Court's conviction that Judge Albregts did not clearly err. As Defendant cautioned in its motion for protective order, the 30(b)(6) deposition is a discovery tool that especially needs clear, defined terms. (ECF No. 237 at 13.) Specificity is both a matter of fairness to the parties and a matter of pragmatism: Defendant must be able to find a witness who can testify about Plaintiffs' requested items of inquiry. *See U.S. E.E.O.C. v. Bank of Am.*, Case No. 2:13-cv-1754-GMN-VCF, 2014 WL 7240134, at *5 (D. Nev. Dec. 18, 2014) ("Generally, the party noticing a Rule 30(b)(6) deposition 'must take care to

designate, with painstaking specificity, the particular subject areas to be covered.'") (quoting C. Wright & A. Miller, *Federal Practice and Procedure: Civil* § 2103 at p. 458, n.11 (3d. ed. 2010)). Judge Albregts expressed his concern that Plaintiffs' proffered definition was too broad and speculative. (ECF No. 246 at 3.) In light of the specific concerns surrounding the scope of 30(b)(6) deposition articulated above, the Court agrees.

Because Plaintiffs have failed to demonstrate that Judge Albregts clearly erred, the Court will overrule the Second Objection.

## V.     DEFENDANT'S REQUESTS FOR SANCTIONS

Parties may seek expenses for the costs incurred for preparing successful motions for protective orders. Fed. R. Civ. P. 26(c)(3). The Court "must" award "reasonable expenses incurred in making the motion, including attorney's fees" unless the opposing party's response or objection is "substantially justified." Fed. R. Civ. P. 37(a)(5)(B); *see also Marrocco v. Hill*, 291 F.R.D. 586, 590 (D. Nev. 2013) (finding "reasonable fees incurred in responding to a Rule 72(a) objection are recoverable" under Rule 37(a)(5)). "Discovery conduct is substantially justified if it is a response to a 'genuine dispute or if reasonable people could differ as to the appropriateness of the contested action.'" *Conboy v. Wynn Las Vegas, LLC*, Case No. 2:11-cv-01649-JCM-CWH, 2012 WL 6100313, at *1 (D. Nev. Dec. 7, 2012) (quoting *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)). If the party's opposition to the protective order was substantially justified, "the court must not order this payment." Fed. R. Civ. P. 37(a)(5)(B).

Defendant has made four requests for sanctions: (1) for its costs preparing the motion to quash Plaintiffs' third-party subpoena for documents and the motion for protective order for three noticed depositions (ECF No. 217), (2) for its costs preparing its opposition to Plaintiffs' First Objection (ECF No. 225 at 7-8), (3) for its costs preparing the motion for a protective order for the 30(b)(6) deposition (ECF No. 237 at 17), and (4) for its costs preparing its opposition to Plaintiffs' Second Objection (ECF No. 251 at 10). Judge Albregts found first that sanctions were appropriate for the preparation and defense

of the motion to quash and the motion for protective order and directed Plaintiffs to pay $15,000 to Defendant. (ECF No. 220.) Judge Albregts later also found that sanctions were appropriate for the preparation of the protective order for the 30(b)(6) notice (ECF No. 246 at 3) and directed Plaintiffs to pay an additional $5,000 to Defendant (ECF No. 251). The Court reviews Judge Albregts' decision to award sanctions for clear error. *See* § 636(b)(1)(A); *see also CPA Lead, LLC v. Adeptive ADS LLC*, Case No. 2:14-cv-1449-JCM-CWH, 2016 WL 3176569, at *1-2 (D. Nev. Jun. 2, 2016) (finding that a magistrate judge's decision to award Rule 37 sanctions is reviewed for clear error).

The Court finds, in both instances, Judge Albregts clearly erred when he found Plaintiffs' opposition was not substantially justified. Further, the Court finds Plaintiffs' Second Objection likewise does not warrant discovery sanctions. Accordingly, the Court will sustain Plaintiffs' First Objection in full and their Second Objection as to the discovery sanctions award, and will deny Defendant's request for sanctions for the opposition to the Second Objection.

### 1. Sanctions Awarded Under the Sanctions Order and for Plaintiffs' First Objection

Judge Albregts ruled orally in the February 20, 2020 hearing that Defendant could move for attorney's fees and costs for its motion to quash (ECF No. 176) and motion for protective order (ECF No. 184) for depositions of April Williams, Dan Curran, and Nautilus' 30(b)(6) deponent. (ECF No. 204.) In the hearing, Judge Albregts reasoned only that the Court would permit Defendant to request sanctions "for the two motions in which it is now the prevailing party." (*Id.* at 38.) No further clarification was offered in the written order granting the requested $15,000 in costs. (ECF No. 220.) Defendant sought costs under Federal Rules of Civil Procedure 26(c) and 37(a)(5). (ECF No. 217 at 2.)

Plaintiffs argued in their First Objection that sanctions were inappropriate for the motion to quash under Federal Rule of Civil Procedure 45 (ECF No. 221 at 8) and that their discovery request was issued in good faith (*Id.* at 10-11). Defendant correctly notes that the arguments Plaintiff makes under Rule 45 are not responsive to Judge Albregts'

12

award for sanctions under Rules 26(c)(3) and 37(a)(5). (ECF No. 225 at 6-7.) However, Judge Albregts was still required to determine whether Plaintiffs' opposition to the motion for protective order were substantially justified.

Plaintiff does not, in the First Objection, contest Judge Albregts' decision to grant the protective orders as to Ms. Williams' and Mr. Curran's depositions, or his decision to quash the third-party subpoena. (ECF No. 204 at 24-25.) Accordingly, the Court will not review the substance of those decisions, though even if it were to do so, the Court agrees with Judge Albregts' ultimate determination to grant the protective order. But the Court does note that Judge Albregts expressly repeated that his consideration of the motions "has to be done in the context of the issues left in the litigation that was outlined above . . . and that is, the deposition statement of Switzer; Switzer's testimony during the trial; the attempted jury instruction on defamation during the trial; and the deposition statement of Switzer's wife regarding a 2011 e-mail"— in other words, the same evidence outlined in Judge Hoffman's order. (*Id.* at 24.) But these four items of new evidence are not necessarily the outer bounds of discovery in this matter. Furthermore, the resulting confusion about whether these items are the proper outer limits of discovery lends credence to Plaintiffs' arguments opposing a narrowed scope of discovery that excludes material they otherwise feel is relevant.

The Court finds that Judge Albregts clearly erred in awarding sanctions because Plaintiffs' opposition to Defendant's motion for protective order was substantially justified. Plaintiffs made cogent and reasonable arguments in their motion opposing the protective order and at oral argument that Ms. Williams' testimony would not overlap with evidence in the Coverage Action and would be relevant to their claims. (ECF Nos. 191 at 7, 204 at 29-30.) Further, although Judge Albregts quashed Plaintiffs' third-party subpoena requesting an entire file from a third-party attorney for being overly broad, he did not find that all requested material was irrelevant. (ECF No. 204 at 12-13.) Judge Albregts subsequently ordered Defendant to provide Plaintiffs with the training manuals that

Plaintiffs sought through their third-party subpoena, noting even that the Court had previously ordered Defendant to provide that information to Plaintiffs. (*Id.* at 13-14.)

Because Plaintiffs' opposition to Defendant's motion for protective order was substantially justified, the Court finds Judge Albregts clearly erred by awarding Defendants sanctions under Rule 26(c)(3) and Rule 37(a)(5). Accordingly, the Court will sustain Plaintiffs' First Objection as to the sanctions award.

### 2. Sanctions Awarded Under the Deposition Order and for Plaintiffs' Second Objection

The parties' arguments detailed above foreshadowed the ensuing dispute over the scope of the 30(b)(6) deposition. For similar reasons, the Court finds that Plaintiffs' suggested definition of 'new evidence' and their ensuing defense of that definition was substantially justified.

As noted above, the lingering confusion about whether all discovery in this case should be limited to the four items listed in Judge Hoffman's order has spawned several frustrating discovery disputes. Judge Albregts' reasoning that this was "not the first, second, or even third time that the Court has issued an order on the scope of discovery, much less defined the new evidence to be explored," does not account for the apparent genuine dispute about the meaning of the Court's prior orders. (ECF No. 246 at 3.) But Judge Albregts went so far as to note in the Deposition Order that "Insureds did attempt to comply and went as far as quoting court orders," just finding that their attempt to comply "fell short." (ECF No. 246 at 3.) But discovery sanctions need not be awarded every time a party's position falls short, provided there was reasonable and "genuine dispute" over the proper scope. *See Pierce*, 487 U.S. at 565 (reasoning that substantially justified "has never been described as meaning 'justified to a high degree'"). The parties appear to have engaged—at length—in good-faith discussion about the meaning of the Court's orders and proper scope of discovery. (ECF Nos. 244-15.) Accordingly, the Court finds that Plaintiffs' proposed notice, subsequent opposition to Defendant's protective order,

14

and ensuing Second Objection to Judge Albregts' Deposition Order was substantially justified.

In sum, because the Court finds that "reasonable people could differ" about what the proper scope of discovery was for the 30(b)(6) deposition notice, the Court finds Plaintiffs' arguments in opposition to the protective order and supporting their Second Objection were substantially justified. *See Conboy*, 2012 WL 6100313 at *1; Fed. R. Civ. P. 37(a)(5)(B). Accordingly, the Court will vacate Judge Albregts' award of sanctions for preparation of the protective order and deny Defendant's request for sanctions for opposing the Second Objection.

## VI. CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the motions before the Court.

It is therefore ordered that Plaintiffs' objection (ECF No. 221) to Judge Albregts' order awarding Defendant discovery sanctions is sustained.

It is further ordered that Plaintiffs' objection (ECF No. 249) to Judge Albregts' order granting the motion for protective order is overruled.

It is further ordered that the order directing payment of $15,000 to Defendant (ECF No. 220) is vacated.

It is further ordered that the order directing payment of $5,000 to Defendant (ECF No. 250) is vacated.

It is further ordered that Defendant's request for reasonable expenses in preparing its response to the objection (ECF No. 251) is denied.

///
///
///
///

The Clerk of Court is directed to strike Plaintiffs replies (ECF Nos. 228, 252), as Plaintiffs did not seek leave before filing.

DATED THIS 16th Day of December 2020.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE