UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ROBERT SONNY WOOD, *et al.*,<br><br>　　　　　Plaintiffs,<br>　v.<br>NAUTILUS INSURANCE COMPANY,<br><br>　　　　　Defendant. | Case No. 2:17-cv-02393-MMD-DJA<br><br>ORDER |

**I.　SUMMARY**

This is an insurance coverage and bad faith case. Plaintiffs Robert Sonny Wood and Access Medical LLC assert claims against Defendant Nautilus Insurance Company for breach of contract, contractual and tortious breach of the implied covenant of good faith and fair dealing, and violations of the Nevada Unfair Claims Practices Act. (ECF No. 73.) Before the Court is Defendant's objection (ECF No. 297) to United States Magistrate Judge Daniel J. Albregts' oral ruling (ECF No. 293) granting Plaintiffs' motion to compel (ECF No. 286).[1] Defendant also seeks leave to file a reply in support of its objection. (ECF No. 300.) As further explained below, the Court will deny Defendant's motion for leave to file a reply and will overrule the objection.

**II.　BACKGROUND**

Plaintiffs moved to compel production of their claim file on May 28, 2021. (ECF No. 286 at 6-7.) Defendant initially had objected to the production of the claim file, arguing that the file included information protected by the attorney-client privilege and work product doctrine, its contents were not relevant to the subject matter of the action, and the term "claim" was vague and ambiguous. (*Id.*) Following the 30(b)(6) deposition of

---

[1] Also before the Court is Defendants' motion for summary judgment (ECF No. 265) and Plaintiffs' motion for partial summary judgment (ECF No. 301), which is not yet ripe. The Court will address those motions in a separate order.

Brenda Philips, Plaintiffs requested a privilege log from Defendant. (*Id.* at 7.) Defendant produced a privilege log on February 2, 2021. (*Id.* at 8.) Plaintiffs disputed that all materials covered by the privilege log were actually privileged, and requested the Court compel production of the non-privileged material. (*Id.* at 16.)

Specifically, Plaintiffs sought documented communications between Defendant and attorney Linda Wendell Hsu. (*Id.*) The requested documents pertained to Hsu's analysis of the evidence Plaintiffs submitted to Defendant which allegedly triggered Defendant's duty to defend Plaintiffs. (*Id.* at 8.) Plaintiffs asserted that Hsu's evaluations were conducted in the regular course of business and therefore not subject to the attorney-client privilege or work-product doctrine. (*Id.* at 15-16.)

Judge Albregts held a hearing on the motion to compel on July 14, 2021.

### III.  LEGAL STANDARD

Magistrate judges are authorized to resolve pretrial matters subject to district court review under a "clearly erroneous or contrary to law" standard. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a) (a "district judge . . . must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law"); *see also* LR IB 3-1(a) ("A district judge may reconsider any pretrial matter referred to a magistrate judge in a civil or criminal case under LB IB 1-3, when it has been shown the magistrate judge's order is clearly erroneous or contrary to law."). A magistrate judge's order is "clearly erroneous" if the court has a "definite and firm conviction that a mistake has been committed." *See United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Jadwin v. County of Kern*, 767 F. Supp. 2d 1069, 1110-11 (E.D. Cal. 2011) (quoting *DeFazio v. Wallis*, 459 F. Supp. 2d 159, 163 (E.D.N.Y. 2006)). When reviewing the order, however, the magistrate judge "is afforded broad discretion, which will be overruled only if abused." *Columbia Pictures, Inc. v. Bunnell*, 245 F.R.D. 443, 446 (C.D. Cal. 2007). The district judge "may not simply substitute its judgment" for that of the

magistrate judge. *Grimes v. City & County of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991) (citing *United States v. BNS, Inc.*, 858 F.2d 456, 464 (9th Cir. 1988)).

## IV.   DISCUSSION

As a preliminary matter, the Court will deny Defendant's motion for leave to file a reply. The proffered reasons Defendant claims justifies a reply brief—that Plaintiffs confuse the standard of review and improperly generalize Nevada law—are not compelling reasons to supplement, as Defendant had the opportunity to explain its arguments in the objection. Moreover, because the Court does not find Defendant's objection untimely, Defendant does not require the opportunity to respond to Plaintiffs' timeliness argument.

Defendant raises four objections: (1) Plaintiffs' motion to compel was untimely and should not have been granted (ECF No. 297 at 14-20); (2) the requested documents were covered by attorney-client privilege which had not been waived and therefore were not subject to disclosure (*id.* at 20-27); (3) the work product doctrine had not been subsumed by the attorney-client privilege (*id.* at 27-29); and (4) Judge Albregts improperly denied Defendant's request for sanctions, costs, and fees (*id.* at 29-30). The Court is satisfied that Judge Albregts did not clearly err or rule contrary to law.

### 1.   Timeliness of the Motion to Compel

First, the timeliness of motions to compel are not dictated by "bright-line rules," but are committed to the magistrate judge's sound discretion. *See Williams v. Las Vegas Metropolitan Police Dep't*, 2015 WL 3489553, at *1 (D. Nev. Jun. 3, 2015). While there are indeed many guideposts which the Court may use to control oversight of the discovery process, *see Garcia v. Serv. Emps. Int'l Union*, 332 F.R.D. 351, 354 (D. Nev. 2019), a magistrate judge's reasoned determination to depart from those guidelines is not clear error or contrary to law. Here, Judge Albregts considered the applicable law, heard argument from the parties, and ultimately determined that timeliness was not a dispositive issue. He then found it was reasonable that Plaintiffs would not have been alerted those certain materials were not privileged until after Philip's deposition, and further reasoned

that part of the delay in resolving this issue was attributable to Defendant's own delay in supplying the privilege log. (ECF No. 291 at 23-24.) The Court finds that Judge Albregts' reasoning is not contrary to law because the discovery deadlines are committed to the discretion of the court, and that his conclusion was not clearly erroneous.

### 2. Attorney-Client Privilege

The Court is likewise persuaded that Judge Albregts' decision to permit discovery into the email communications between Defendant and Hsu was not contrary to law. Judge Albregts applied the three-part test derived from *Hearn v. Rhay*, 68 F.R.D. 574 (E.D. Wash. 1975), and adopted by *Spargo v. State Farm Fire & Casualty Company*, Case No. 2:16-cv-030306-APG-GWF, 2017 WL 2695292 (D. Nev. Jun. 22, 2017), to determine whether Defendant had impliedly waived the attorney-client privilege. (ECF No. 291 at 27-28.) The attorney-client privilege may be impliedly waived in bad faith cases because the insurer's assertion that it did not act in bad faith makes the insurer's coverage advice dispositively important. *See Spargo*, 2017 WL 2694292 at *4 ("Even if the insurer does not expressly assert advice of counsel as a defense to bad faith liability, a majority of courts hold that the plaintiff may still be entitled to discover the mental impressions or opinions of the insurer's coverage attorney because they are directly relevant to the issue of bad faith."). Although the Nevada Supreme Court has not definitely ruled on when an insurer impliedly waives the attorney-client privilege in the bad faith context, this Court predicted in *Spargo* that the Nevada Supreme Court would adopt the *Hearn* approach. *See id.* at *7.

*Hearn* held that the privilege is impliedly waved "when (1) the assertion of the privilege was a result of some affirmative act, such as filing suit; (2) through this affirmative act, the asserting party puts the privileged information at issue; and (3) allowing the privilege would deny the opposing party access to information vital to its defense." 68 F.R.D. at 581. The plaintiff must also make "a substantial showing of merit," which protects insurers from waiving the privilege merely by denying a frivolous claim. *Id.* at 582.

Defendant first argues that *Spargo* does not control because the Nevada Supreme Court has not spoken to this issue. (ECF No. 297 at 22.) But that is precisely the purpose of the holding in *Spargo*—a federal district court sitting in diversity must attempt to predict how the state supreme court would rule when it has not yet done so. *See High Country Paving, Inc. v. United Fire & Cas. Co.*, 14 F.4th 976, 978 (9th Cir. 2021) ("If the state's highest appellate court has not decided the question presented, then we must predict how the state's highest court would decide the question."). The Court has predicted the *Hearn* test will apply to implied waiver of the attorney-client privilege in bad-faith insurance actions, and will apply the *Hearn* test absent clearer guidance from the Nevada Supreme Court. Accordingly, Defendant's reliance on *Phillips v. C.R. Bard, Inc.*, 290 F.R.D. 615 (D. Nev. 2013) is misplaced. *Phillips* was not a bad faith action, and did not raise the same issues of implied waiver through denial of bad faith. *Spargo* instead controls.

Judge Albregts determined that under the rule in *Spargo*, Hsu's communications were discoverable because the defense of the bad faith claim had impliedly waived the privilege. The Court finds this determination was not clearly erroneous. As Hsu states in her declaration (ECF No. 297-1 at 3), each of the four re-tenders she evaluated occurred prior to the filing of this bad faith action, and Defendant's decision to deny coverage despite the newly discovered evidence formed the basis of this action. The communications between Defendant and Hsu about whether those re-tenders triggered a duty to defend are relevant, if not critical, to the outcome of the bad faith claim. The authority Defendant cites to the contrary is inapposite in light of *Sprago*. Accordingly, Defendant has failed to show that Judge Albregts' decision was contrary to the recognized law of this district.

### 3. Work-Product

The Court further finds that although Judge Albregts' reasoning does not accurately state the law of the work product doctrine, the communications are not protected so the outcome is the same. Defendant argues that Judge Albregts' reasoning that the work product doctrine is "subsumed" by attorney-client privilege in this case was

5

contrary to law. (ECF No. 297 at 27.) At the hearing, Judge Albregts concluded that characterizing the coverage determinations in a bad faith action as "work product" was essentially improper. (ECF No. 291 at 25-26.) But the determinations of a coverage attorney may indeed be covered by the work product doctrine in a bad faith action. *See Sprago*, 2017 WL 2695292 at *2-3. Although the attorney-client privilege and the work product doctrine at times overlap, they are separate inquiries. In order to discover opinion work product, the party seeking that material "must show that the 'mental impressions are directly at issue in a case and the need for the materials is compelling.'" *See id.* at *3 (citation omitted).

Judge Albregts determined elsewhere that Hsu's mental impressions are directly at issue in this case. *Accord Sprago*, 2017 WL 2695292 at *3. Moreover, Defendant's reliance on *Sprago* for the proposition that the insured may not discover the "mental impressions or legal theories of the insurer's attorney" is misplaced and out of context—indeed, that quote while material may be otherwise available under the work product doctrine, discovery of an insurer's attorney's mental impressions requires waiver of the attorney-client privilege. *See id.* As explained above, the privilege was impliedly waived. Accordingly, even though Judge Albregts' oral ruling may have incorrectly stated the work product doctrine was "subsumed" by the attorney-client privilege, the ruling was not contrary to law. Defendant's objection is sustained in part, but the Court applies Judge Albregts reasoning and finds that the motion to compel was properly granted.

### 4. Sanctions

Finally, Judge Albregts did not act contrary to law by denying discretionary sanctions. Defendant's request for mandatory sanctions under Federal Rule of Civil Procedure 37(b)(2)(C) makes little sense. Defendant has made no showing that Plaintiffs violated a court order. Similarly, Local Rule IA 11-8 vests judges with the authority to award sanctions when a party "fails to comply with any order of this court." Again, Defendant has not shown Plaintiffs have violated this Court's order, or explained how Judge Albregts' decision was contrary to law.

## V.   CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the motions before the Court.

It is therefore ordered that Defendant's motion for leave to file a reply (ECF No. 300) is denied.

It is further ordered that Defendant's objection (ECF No. 297) is sustained in part and overruled in part, as described herein.

DATED THIS 18th Day of November 2021.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE