1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



# Exhibit 1

Final Statement of Decision and Judgment on Special Verdict- Modified after Appeal in the *Switzer* action.

Bates   Stamp:   ACCESS   00890-   ACCESS 00912

FILED

SEP 12 2019

FRESNO COUNTY SUPERIOR COURT
By_____ DEPT. 403

RECEIVED
8/20/2019 10:57 AM
FRESNO COUNTY SUPERIOR COURT
By: I. Herrera, Deputy

SUPERIOR COURT OF CALIFORNIA, COUNTY OF FRESNO

CENTRAL DIVISION – UNLIMITED CIVIL CASE

| | |
|---|---|
| TED SWITZER; | Case No: 11 CE CG 04395 |
| Plaintiff, | ~~[Proposed]~~ |
| | **FINAL STATEMENT OF DECISION** |
| v. | **AND JUDGMENT ON SPECIAL** |
| | **VERDICT – MODIFIED AFTER APPEAL** |
| FLOURNOY MANAGEMENT, LLC, et. al.; | |
| Defendants. | |
| | |
| And Related Cross-Actions | |

Pursuant to the Remittitur and Opinion of the Court of Appeal, Fifth Appellate District, filed on August 15, 2019, the following modifies and replaces the Final Statement of Decision and Judgment on Special Verdict previously filed in this action on January 12, 2018.

/



SCANNED    ACCESS 00890

1        This action came on regularly for trial on August 22, 2017, in Department 501, of the

2    above-entitled court, the Honorable Mark W. Snauffer presiding; plaintiff/cross-defendant/cross-

3    complainant Ted Switzer and cross-defendants Dixie Switzer, Switzer Medical, Inc., Epsilon

    Distribution I, LLC and Charlie Medical, LLC, represented by Gregory L. Altounian, Esq. and

4    Michael Carrigan, Esq.; defendant/cross-complainant/cross-defendant Robert Clark "Sonny"

5    Wood, II and cross-defendant Access Medical, LLC represented by David L. Jones, Esq., Eleanor

6    M. Welke, Esq. and John W. Phillips, Esq.

7        A jury of twelve persons and three alternates was duly impaneled and sworn, opening

8    statements by counsel for plaintiff and defendant were given, and witnesses were sworn and gave

9    testimony. The jury was duly instructed by the court and heard closing arguments by counsel, and

    the case was submitted to the jury on October 3, 2017. The jury deliberated, and thereafter

10   returned to court on October 11, 2017, with its special verdict consisting of the questions

11   submitted to the jury and the answers given thereto by the jury, which said special verdict was in

12   the following words and figures.

13   

**PART I**

**Cross-Complaint of Ted Switzer (Direct Claims of Mr. Switzer)**

14   **A. Please answer the following questions regarding cross-complainant Ted Switzer's claim**

15   **for breach of contract:**

16       1. Did Mr. Switzer and Mr. Wood enter into a partnership contract?

17       __X__ Yes    _____ No

18       If your answer to question 1 is yes, then answer question 2. If you answered no, stop here,

19   answer no further questions, and proceed to section B of this verdict form.

    2. Did Mr. Switzer do all, or substantially all, of the significant things that the

20   contract required him to do or was his performance excused?

21       __X__ Yes    _____ No

22       If your answer to question 2 is yes, then answer question 3. If you answered no, stop here,

23   answer no further questions, and proceed to section B of this verdict form.

24       3. Did Mr. Wood fail to do something that the contract required him to do, or did he

25   something that the contract prohibited him from doing?

26       __X__ Yes    _____ No

*Switzer v. Flournoy Management, LLC, et al.* Case No. 11 CE CG 04395

FINAL STATEMENT OF DECISION AND JUDGMENT ON SPECIAL VERDICT – MODIFIED AFTER APPEAL

2

If your answer to question 3 is yes, then answer question 4. If you answered no, stop here, answer no further questions, and proceed to section B of this verdict form.

4. Was Mr. Switzer harmed?

   X    Yes          No

If your answer to question 4 is yes, then answer question 5. If you answered no, stop here, answer no further questions, and proceed to section B of this verdict form.

5. Was Mr. Wood's breach of contract a substantial factor in causing Mr. Switzer's harm?

   X    Yes          No

**B. Please answer the following questions regarding cross-complainant Ted Switzer's claim for intentional misrepresentation:**

1. Did cross-defendant Mr. Wood make a false representation of a material fact to Mr. Switzer?

   X    Yes          No

Did cross-defendant Access Medical make a false representation of a material fact to Mr. Switzer?

   X    Yes          No

If your answer to question 1 is yes as to either cross-defendant, then answer question 2 for that/those cross-defendant(s). If you answered no to both parts of question 1, stop here, answer no further questions, and proceed to section C of this verdict form.

2. Did Mr. Wood know that the representation was false, or did he make the representation recklessly and without regard for its truth?

   X    Yes          No

Did the Access Medical know that the representation was false, or did it make the representation recklessly and without regard for its truth?

   X    Yes          No

If your answer to question 2 is yes as to either cross-defendant, then answer question 3 for that/those cross-defendant( s ). If you answered no to both parts of question 2, stop here, answer no further questions, and proceed to section C of this verdict form.

3. Did Mr. Wood intend that Mr. Switzer rely on the representation?

   X    Yes          No

ACCESS 00892

Did Access Medical intend that Mr. Switzer rely on the representation?

   __X__ Yes        _____ No

If your answer to question 3 is yes as to either cross-defendant, then answer question 4 for that/those cross-defendant(s). If you answered no to both parts of question 3, stop here, answer no further questions, and proceed to section C of this verdict form

4. Did Mr. Switzer reasonably rely on the representation of Mr. Wood?

   __X__ Yes        _____ No

Did Mr. Switzer reasonably rely on the representation of Access Medical?

   __X__ Yes        _____ No

If your answer to question 4 is yes as to either cross-defendant, then answer question 5 for that/those cross-defendant(s). If you answered no to both parts of question 4, stop here, answer no further questions, and proceed to section C of this verdict form

5. Was Mr. Switzer's reliance on Mr. Wood's representation a substantial factor in causing harm to Mr. Switzer?

   __X__ Yes        _____ No

Was Mr. Switzer's reliance on Access Medical's representation a substantial factor in causing harm to Mr. Switzer?

   __X__ Yes        _____ No

**C. Please answer the following questions regarding cross-complainant Ted Switzer's claim for concealment:**

1. Were Mr. Wood and Mr. Switzer partners?

   __X__ Yes        _____ No

If your answer to question 1 is yes, then answer question 2. If you answered no, stop here, answer no further questions, and proceed to section D of this verdict form.

2. Did Mr. Wood intentionally failed to disclose certain facts to Mr. Switzer that Mr. Switzer did not know and that Mr. Switzer could not reasonably have discovered?

   __X__ Yes        _____ No

If your answer to question 2 is yes, then answer question 3. If you answered no, stop here, answer no further questions, and proceed to section D of this verdict form.

*Switzer v. Flournoy Management, LLC, et al.* Case No. 11 CE CG 04395
FINAL STATEMENT OF DECISION AND JUDGMENT ON SPECIAL VERDICT – MODIFIED AFTER APPEAL
4

ACCESS 00893

3. Did Mr. Switzer know of the concealed facts?

_____ Yes          __X__ No

If your answer to question 3 is **no**, then answer question 4. If you answered yes, stop here, answer no further questions, and proceed to section D of this verdict form.

4. Did Mr. Wood intend to deceive Mr. Switzer by concealing the facts?

__X__ Yes          _____ No

If your answer to question 4 is yes, then answer question 5. If you answered no, stop here, answer no further questions, and proceed to section D of this verdict form.

5. If the omitted information [had] been disclosed, would Mr. Switzer reasonably have behaved differently?

__X__ Yes          _____ No

If your answer to question 5 is yes, then answer question 6. If you answered no, stop here, answer no further questions, and proceed to section D of this verdict form.

6. Was Mr. Switzer harmed by the concealment?

__X__ Yes          _____ No

If your answer to question 6 is yes, then answer question 7. If you answered no, stop here, answer no further questions, and proceed to section D of this verdict form.

7. Was Mr. Wood's concealment a substantial factor in causing Mr. Switzer's harm?

__X__ Yes          _____ No

**D. Please answer the following questions regarding cross-complainant Ted Switzer's claim for breach of fiduciary duty:**

1. Was Mr. Wood the partner of Mr. Switzer?

__X__ Yes          _____ No

If your answer to question 1 is yes, then answer question 2. If you answered no, stop here, answer no further questions, and proceed to section E of this verdict form.

2. Did Mr. Wood fail to act as a reasonably careful partner would have acted under the same or similar circumstances?

__X__ Yes          _____ No

If your answer to question 2 is yes, then answer question 3. If you answered no, stop here, answer no further questions, and proceed to section E of this verdict form.

ACCESS 00894

3. Was Mr. Switzer harmed?

   __X__ Yes      _____ No

If your answer to question 3 is yes, then answer question 4. If you answered no, stop here, answer no further questions, and proceed to section E of this verdict form.

4. Was Mr. Wood's conduct ~~was~~ a substantial factor in causing Mr. Switzer's harm.

   __X__ Yes      _____ No

**E. Please answer the following questions regarding cross-complainant Ted Switzer's claim for breach of fiduciary duty of undivided loyalty:**

1. Was Mr. Wood the partner of Mr. Switzer?

   __X__ Yes      _____ No

If your answer to question 1 is yes, then answer question 2. If you answered no, stop here, answer no further questions, and proceed to section F of this verdict form.

2. Did Mr. Wood knowingly act against Mr. Switzer's interests in connection with the income pooling partnership agreement or act on behalf of a party whose interests were adverse to Mr. Switzer in connection with the income pooling partnership agreement?

   __X__ Yes      _____ No

If your answer to question 2 is yes, then answer question 3. If you answered no, stop here, answer no further questions, and proceed to section F of this verdict form.

3. Did Mr. Switzer give informed consent to Mr. Wood's conduct?

   _____ Yes      __X__ No

If your answer to question 3 is no, then answer question 4. If you answered yes, stop here, answer no further questions, and proceed to section F of this verdict form.

4. Was Mr. Switzer harmed?

   __X__ Yes      _____ No

If your answer to question 4 is yes, then answer question 5. If you answered no, stop here, answer no further questions, and proceed to section F of this verdict form.

5. Was Mr. Wood's conduct ~~was~~ a substantial factor in causing Mr. Switzer's harm.

   __X__ Yes      _____ No

//

/

ACCESS 00895

F. **Please answer the following questions regarding cross-complainant Ted Switzer's claim for conversion:**

    1. Did Mr. Switzer own or have a right to possess spinal implants?

    \_\_\_X\_\_\_ Yes    _____ No

If your answer to question 1 is yes, then answer question 2. If you answered no, stop here, answer no further questions, and proceed to section G of this verdict form.

    2. Did cross-defendant Mr. Wood substantially interfere with Mr. Switzer's property by knowingly or intentionally taking possession of or preventing Mr. Switzer from having access to the spinal implants or by refusing to return Mr. Switzer's spinal implants after Mr. Switzer demanded their return?

    \_\_\_X\_\_\_ Yes    _____ No

    Did cross-defendant Access Medical substantially interfere with Mr. Switzer's property by knowingly or intentionally taking possession of or preventing Mr. Switzer from having access to the spinal implants or by refusing to return Mr. Switzer's spinal implants after Mr. Switzer demanded their return?

    \_\_\_X\_\_\_ Yes    _____ No

If your answer to question 2 is yes as to either cross-defendant, then answer question 3 for that cross-defendant. If you answered no to both parts of question 2, stop here, answer no further questions, and proceed to section G of this verdict form.

    3. Did Mr. Switzer consent to the taking by Mr. Wood and, if so, was the consent obtained without any fraud on the part of Mr. Wood?

    _____ Yes    \_\_\_X\_\_\_ No

    Did Mr. Switzer consent to the taking by Access Medical and, if so, was the consent obtained without fraud on the part of Access Medical?

    _____ Yes    \_\_\_X\_\_\_ No

If your answer to question 3 is **no** as to either cross-defendant, then answer question 4 for that cross-defendant. If you answered yes to both parts of question 3, stop here, answer no further questions, and proceed to section G of this verdict form.

    4. Was Mr. Switzer harmed?

    \_\_\_X\_\_\_ Yes    _____ No

ACCESS 00896

If your answer to question 4 is yes, then answer question 5. If you answered no, stop here, answer no further questions, and proceed to section G of this verdict form.

5. Was Mr. Wood's conduct a substantial factor in causing Mr. Switzer's harm?

   X   Yes         No

Was Access Medical's conduct a substantial factor in causing Mr. Switzer's harm?

   X   Yes         No

If your answer to question 5 is yes as to either cross-defendant, then answer question 6 for that cross-defendant. If you answered no to both parts of question 5, stop here, answer no further questions, and proceed to section G of this verdict form.

6. On what date were the spinal implants converted by Mr. Wood?

  9/7/2011

On what date were the spinal implants converted by Access Medical?

  9/7/2011

7. What was the value of the spinal implants converted by Mr. Wood on the date of the conversion?

$ 513,083.00

What was the value of the spinal implants converted by Access Medical on the date of the conversion?

$ 513,083.00

G. Please answer the following questions regarding cross-complainant Ted Switzer's claim for negligence:

1. Was Mr. Wood negligent?

   X   Yes         No

Was Access Medical negligent?

   X   Yes         No

If you answered yes for any cross-defendant in question 1, then answer question 2 for that cross-defendant. If you answered no for all cross-defendants in question 1, stop here, answer no further questions, and proceed to section H of this verdict form.

2. Was the negligence of Mr. Wood a substantial factor in causing harm to Mr. Switzer?

   X  Yes         No

ACCESS 00897

Was the negligence of Access Medical a substantial factor in causing harm to Mr. Switzer?

    __X__ Yes       _____ No

**H. Please answer the following questions regarding cross-complainant Ted Switzer's claim for violation of Penal Code § 496:**

1. Did Mr. Wood obtain by theft property belonging to Mr. Switzer or conceal or withhold or aid in concealing or withholding such property from Mr. Switzer?

    __X__ Yes       _____ No

Did Access Medical obtain by theft property belonging to Mr. Switzer or conceal or withhold or aid in concealing or withholding such property from Mr. Switzer?

    __X__ Yes       _____ No

If you answered yes for any cross-defendant in question 1, then answer question 2 for that cross-defendant. If you answered no for all cross-defendants in question 1, stop here, answer no further questions, and proceed to Part II of this verdict form.

2. Did Mr. Wood know the property was obtained by theft at the time he received, withheld, concealed, aided in concealing or withholding the property from Mr. Switzer?

    __X__ Yes       _____ No

Did Access Medical know the property was obtained by theft at the time it received, withheld, concealed, aided in concealing or withholding the property from Mr. Switzer?

    __X__ Yes       _____ No

If you answered yes for any cross-defendant in question 2, then answer question 3 for that cross-defendant. If you answered no for all cross-defendants in question 2, stop here, answer no further questions, and proceed to Part II of this verdict form.

3. Did Mr. Wood's violation of Penal Code section 496, subdivision (a), cause Mr. Switzer to suffer injury, damage, loss or harm?

    __X__ Yes       _____ No

Did Access Medical's violation of Penal Code section 496, subdivision (a), cause Mr. Switzer to suffer injury, damage, loss or harm?

    __X__ Yes       _____ No

ACCESS 00898

If you answered yes for any cross-defendant in question 3, then answer question 4 for that cross-defendant. If you answered no for all cross-defendants in question 3, stop here, answer no further questions, and proceed to Part II of this verdict form.

4. What is the amount of Mr. Switzer's actual damages caused by Mr. Wood's violation of Penal Code section 496, subdivision (a)?

$ 1,289,165.00

What is the amount of Mr. Switzer's actual damages caused by Access Medical's violation of Penal Code section 496, subdivision (a)?

$ 1,289,165.00

## PART II

### Cross-Complaint of Ted Switzer (Claims for the Benefit of Flournoy)

I. Please answer the following questions regarding cross-complainant Ted Switzer's claim for the benefit of Flournoy for concealment:

1. Was Mr. Wood ~~was~~ the sole manager of Flournoy?

____X____ Yes    _____ No

If your answer to question 1 is yes, then answer question 2. If you answered no, stop here, answer no further questions, and proceed to section J of this verdict form.

2. Did Mr. Wood intentionally ~~failed~~ to disclose certain facts to Flournoy and Flournoy's non-managing member, Mr. Switzer?

____X____ Yes    _____ No

If your answer to question 2 is yes, then answer question 3. If you answered no, stop here, answer no further questions, and proceed to section J of this verdict form.

3. Did Flournoy and Mr. Switzer know of the concealed facts?

_____ Yes    ____X____ No

If your answer to question 3 is **no**, then answer question 4. If you answered yes, stop here, answer no further questions, and proceed to section J of this verdict form.

4. Did Mr. Wood intend to deceive Flournoy and Mr. Switzer by concealing the facts?

____X____ Yes    _____ No

If your answer to question 4 is yes, then answer question 5. If you answered no, stop here, answer no further questions, and proceed to section J of this verdict form.

ACCESS 00899

5. If the omitted information [had] been disclosed, would Flournoy and Mr. Switzer reasonably have behaved differently?

___X___ Yes          _____ No

If your answer to question 5 is yes, then answer question 6. If you answered no, stop here, answer no further questions, and proceed to section J of this verdict form.

6. Was Flournoy harmed?

___X___ Yes          _____ No

If your answer to question 6 is yes, then answer question 7. If you answered no, stop here, answer no further questions, and proceed to section J of this verdict form.

7. Was Mr. Wood's concealment a substantial factor in causing Flournoy's harm?

___X___ Yes          _____ No

**J. Please answer the following questions regarding cross-complainant Ted Switzer's claim for the benefit of Flournoy for breach of manager's duty:**

1. Was Mr. Wood ~~was~~ the sole manager of Flournoy?

___X___ Yes          _____ No

If your answer to question 1 is yes, then answer question 2. If you answered no, stop here, answer no further questions, and proceed to section K of this verdict form.

2. Did Mr. Wood act in good faith toward Flournoy at all times in the performance of the duties and obligations required of him while acting as Flournoy's manager?

_____ Yes          ___X___ No

If your answer to question 2 is **no**, then answer question ~~2~~ [3]. If you answered **yes** stop here, answer no further questions, and proceed to section K of this verdict form.

3. Was Flournoy harmed by Mr. Wood's failure to act in good faith in the performance of the duties and obligations required of him while acting as Flournoy's manager?

___X___ Yes          _____ No

If your answer to question 3 is yes, then answer question 4. If you answered no, stop here, answer no further questions, and proceed to section K of this verdict form.

///

//

/

ACCESS 00900

4. Was Mr. Wood's failure to act in good faith in the performance of the duties and obligations required of him while acting as Flournoy's manager a substantial factor in causing Flournoy's harm?

    __X__ Yes      _____ No

**K. Please answer the following questions regarding cross-complainant Ted Switzer's claim for the benefit of Flournoy for negligence:**

1. Was Mr. Wood negligent?

    __X__ Yes      _____ No

Was Access Medical negligent?

    __X__ Yes      _____ No

If you answered yes for any cross-defendant in question 1, then answer question 2 for that cross-defendant. If you answered no for all cross-defendants in question 1, stop here, answer no further questions, and proceed to section L of this verdict form.

2. Was the negligence of Mr. Wood a substantial factor in causing harm to Flournoy?

    __X__ Yes      _____ No

Was the negligence of Access Medical a substantial factor in causing harm to Flournoy?

    __X__ Yes      _____ No

**L. Please answer the following questions regarding cross-complainant Ted Switzer's claim for the benefit of Flournoy for violation of Penal Code §496:**

1. Did Mr. Wood obtain by theft property belonging to Flournoy or conceal or withhold or aid in concealing or withholding such property from Flournoy?

    __X__ Yes      _____ No

Did Access Medical obtain by theft property belonging to Flournoy or conceal or withhold or aid in concealing or withholding such property from Flournoy?

    __X__ Yes      _____ No

If you answered yes for any cross-defendant in question 1, then answer question 2 for that cross-defendant. If you answered no for all cross-defendants in question 1, stop here, answer no further questions, and proceed to Part III of this verdict form.

//
/

*Switzer v. Flournoy Management, LLC, et al.* Case No. 11 CE CG 04395
FINAL STATEMENT OF DECISION AND JUDGMENT ON SPECIAL VERDICT – MODIFIED AFTER APPEAL
12

ACCESS 00901

2. Did Mr. Wood know the property was obtained by theft at the time he received, withheld, concealed, aided in concealing or withholding the property from Flournoy?

    __X__ Yes       _____ No

Did Access Medical know the property was obtained by theft at the time it received, withheld, concealed, aided in concealing or withholding the property from Flournoy?

    __X__ Yes       _____ No

If you answered yes for any cross-defendant in question 2, then answer question 3 for that cross-defendant. If you answered no for all cross-defendants in question 2, stop here, answer no further questions, and proceed to Part III of this verdict form.

3. Did Mr. Wood's violation of Penal Code section 496, subdivision (a), cause Flournoy to suffer injury, damage, loss or harm?

    __X__ Yes       _____ No

Did Access Medical's violation of Penal Code section 496, subdivision (a), cause Flournoy to suffer injury, damage, loss or harm?

    __X__ Yes       _____ No

If you answered yes for any cross-defendant in question 3, then answer question 4 for that cross-defendant. If you answered no for all cross-defendants in question 3, stop here, answer no further questions, and proceed to Part III of this verdict form.

4. What is the amount of Flournoy's actual damages caused by Mr. Wood's violation of Penal Code section 496, subdivision (a)?

    $ 401,232.00

What is the amount of Flournoy's actual damages caused by Access Medical's violation of Penal Code section 496, subdivision (a)?

    $ 401,232.00

## PART III

### Cross-Complaint of Robert Clark "Sonny" Wood, II

**M. Please answer the following questions regarding cross-complainant Robert Clark "Sonny" Wood, II's claim for money lent:**

//

/

ACCESS 00902

1. Did Mr. Wood receive a valid assignment of Aramat Group, LLC's claim regarding a loan made to Omega Solutions?

   __X__ Yes           _____ No

If your answer to question 1 is yes, then answer question 2. If you answered no, stop here, answer no further questions, and proceed to Part IV of this verdict form.

2. Did Aramat Group, LLC loan money to Ted Switzer at his request?

   _____ Yes           __X__ No

Did Aramat Group, LLC loan money to Dixie Switzer at her request?

   _____ Yes           __X__ No

Did Aramat Group, LLC loan money to Switzer Medical, Inc. at its request?

   _____ Yes           __X__ No

Did Aramat Group, LLC loan money to Epsilon Distribution I, LLC at its request?

   _____ Yes           __X__ No

Did Aramat Group, LLC loan money to Charlie Medical, LLC at its request?

   __X__ Yes           _____ No

If you answered yes for any cross-defendant in question 2, then answer question 3 for that cross-defendant. If you answered no for all cross-defendants in question 2, stop here, answer no further questions, and proceed to Part IV of this verdict form.

3. What is the amount of money that Aramat Group, LLC lent to Ted Switzer at his request?

   $_____

What is the amount of money that Aramat Group, LLC lent to Dixie Switzer at her request?

   $_____

What is the amount of money that Aramat Group, LLC lent to Switzer Medical, Inc. at its request?

   $_____

What is the amount of money that Aramat Group, LLC lent to Epsilon Distribution I, LLC at its request?

   $_____

*Switzer v. Flournoy Management, LLC, et al.* Case No. 11 CE CG 04395
FINAL STATEMENT OF DECISION AND JUDGMENT ON SPECIAL VERDICT – MODIFIED AFTER APPEAL
-14-

ACCESS 00903

What is the amount of money that Aramat Group, LLC lent to Charlie Medical, LLC at its request?

$ 190,000.00

4. Was the money lent by Aramat Group, LLC to Ted Switzer at his request paid back to Aramat Group?

_____ Yes          _____ No

Was the money lent by Aramat Group, LLC to Dixie Switzer at her request paid back to Aramat Group?

_____ Yes          _____ No

Was the money lent by Aramat Group, LLC to Switzer Medical, Inc. at its request paid back to Aramat Group?

_____ Yes          _____ No

Was the money lent by Aramat Group, LLC to Epsilon Distribution I, LLC at its request paid back to Aramat Group?

_____ Yes          _____ No

Was the money lent by Aramat Group, LLC to Charlie Medical, LLC at its request paid back to Aramat Group?

__ X __ Yes      _____ No

If you answered **no** for any cross-defendant in question 4, then answer question 5 for that cross-defendant. If you answered **yes** for all cross-defendants in question 4, stop here, answer no further questions, and proceed to Part IV of this verdict form.

5. What amount of the money lent by Aramat Group, LLC to Ted Switzer at his request has not been paid back to Aramat Group?

$_____

What amount of the money lent by Aramat Group, LLC to Dixie Switzer at her request has not been paid back to Aramat Group?

$_____

What amount of the money lent by Aramat Group, LLC to Switzer Medical, Inc. at its request has not been paid back to Aramat Group?

$_____

ACCESS 00904

What amount of the money lent by Aramat Group, LLC to Epsilon Distribution I, LLC at its request has not been paid back to Aramat Group?

$_____

What amount of the money lent by Aramat Group, LLC to Charlie Medical, LLC at its request has not been paid back to Aramat Group?

$_____

## PART IV
## Damages

**N. Please answer the following questions regarding the claims of Ted Switzer:**

**Triggering Questions for Question 1:** Question 5 in Section F.

**Instructions for Question 1:** If your answer to Question 5 of Section F is NO or BLANK then go to Question 2 in this Section. If your answer to this Question 5 of Section F is YES, then answer Question 1 in this Section.

1. If you found that there was a conversion of spinal implants, what are Mr. Switzer's damages for conversion of spinal implants?

Value of the implants at the time of conversion:        $ 513,083.00

Lost profits from sales of the implants:        $ 513,083.00

Prejudgment interest:        $   64,732.00

Go to Question 2.

**Question 2 Triggering Questions:** Question 5 in Section A, Question 5 in Section B, Question 7 in Section C, Question 5 in Section D, Question 5 in Section E, Question 3 in Section G, Question 3 in Section H.

**Instructions for Question 2:** If your answer to each of the above Triggering Questions is NO or BLANK then go to Section 0. If your answer to any of these Triggering Questions is YES, then answer Question 2.

2. What are Mr. Switzer's damages for his other claims?

Unreimbursed expenses:        $ 293,904.67

Lost profits for sales made during

the partnership period in 2011:        $ 318,666.00

ACCESS 00905

Value of spinal implants (if you did not find a
conversion of the implants):                           $   N/A

Lost profits from the sales of the implants (if you
did not find a conversion of the implants):            $   N/A

Prejudgment interest:                                  $   77,283.00

If Mr. Switzer's damages are $0, go to Section P. If Mr. Switzer's damages are greater than $0
then go to Question 3.

3. If you find that Ted Switzer suffered damages, do you further find by clear and
convincing evidence that Robert Clark "Sonny" Wood, II acted with malice, fraud or oppression
as those terms are defined in the instructions provided to you?

   X    Yes        _____ No

Go to Question 4.

4. If you find that Ted Switzer suffered damages, do you further find by clear and
convincing evidence that Access Medical acted with malice, fraud or oppression as those terms
are defined in the instructions provided to you?

   X    Yes        _____ No

Go to Section O.

**O. Please answer the following questions regarding the claims of Ted Switzer made for the
benefit of Flournoy:**

**Triggering Questions for Question 1:** Question 7 in Section I, Question 4 in Section J,
Question 2 in Section K, Question 3 in Section L.

**Instructions for Question 1:** If your answer to each of the above Triggering Questions is NO or
BLANK then go to Section P. If your answer to any of these Triggering Questions is YES, then
answer Question 2.

1.    What are Flournoy's damages?

Profits from sales at Santa Barbara Cottage Hospital
and University Hospital, Augusta after August 15, 2011
and through December 31, 2011 :                        $  401,232.00

Prejudgment interest:                                  $   50,620.00

ACCESS 00906

If Flournoy's damages are $0, go to Section P. If Flournoy's damages are greater than $0, then go to Question 2.

2. Shall Flournoy's damages include costs and attorney's fees, in an amount to be calculated by the Court after judgment, for which Flournoy will become responsible in the records inspection action filed by Mr. Switzer and in the cross-action filed by Flournoy against Ted Switzer, Dixie Switzer, Jean Holmes and others.

_____X_____ Yes _____ No

Go to Question 3.

3. If you find that Flournoy suffered damages, do you further find by clear and convincing evidence that Robert Clark "Sonny" Wood, II acted with malice, fraud or oppression as those terms are defined in the instructions provided to you?

_____X_____ Yes _____ No

Go to Question 4.

4. If you find that Flournoy suffered damages, do you further find by clear and convincing evidence that Access Medical acted with malice, fraud or oppression as those terms are defined in the instructions provided to you?

_____X_____ Yes _____ No

Go to Section P.

P. Please answer the following questions regarding the claims of Mr. Wood:

Triggering Questions for Question 1: Question 5 in Section M.

1. What are Mr. Wood's damages?

Money lent and not repaid: $_____

Signed:_____/s/_____, Presiding Juror

Dated:_____10/11_____, 2017

## STATEMENT OF DECISION

## REGARDING EQUITABLE ISSUES TRIED TO THE COURT

### Dissolution

Based on the evidence presented, Flournoy effectively ceased business operations in the Fall of 2011. It is disabled from appearing in court due to failing to properly register and pay

ACCESS 00907

1   taxes to the California Franchise Tax Board. In fact, Flournoy's counsel, with the consent of the

2   parties, was excused from participating in the trial of this case due to that condition. Flournoy is

3   for all practical purposes, dissolved. There is no evidence of the existence of third party creditors.

4          The only winding up would involve the collection of any judgment on behalf of Flournoy

    on the derivative claims. Plaintiff Switzer is authorized to take all reasonable steps to wind up the

5   affairs of Flournoy under California and Delaware law as appropriate. Wood is also authorized

6   and ordered to cooperate in that regard as well. The Court expresses no opinion as to who is the

7   holder of any Flournoy attorney-client privilege at the present time.

8          The Court finds in favor of Switzer on the 23rd cause of action for dissolution of

9   Flournoy.

10                                  **Lost Profits**

11         For all of the reasons stated on the record by the Court at trial, which are well

    summarized in the brief submitted by defendants herein (at 4-10), there is no substantial evidence

12  that can reasonably sustain an award of lost profits after the year 2011, when Flournoy ceased

13  operations.

14         Thus, the Court finds in favor of Defendants with respect to the 19th (unjust enrichment)

15  and 25th (unfair competition) causes of action on the Switzer cross-complaint.1

                                    **Accounting**

16         In the 18th cause of action of the cross-complaint, Switzer seeks an accounting from Mr.

17  Wood. As set forth above, Flournoy is a non-operating entity, and the Court cannot ascertain

18  what an accounting of Flournoy would accomplish. The jury has already assessed damages

19  against Mr. Wood and Access based upon the evidence set forth at trial. Therefore, the Court

20  denies the request for an accounting under the 18th cause of action of the cross-complaint.

21  //

22  /

23  1 Moreover, the Court does not find that there is any basis for injunctive relief pursuant to
    Business and Professions Code section 17200. Among other things, the Court finds credible the
24  testimony of Thomas Parfenchuck, M.D. and Sean Early, M.D., that they were not coerced or
    prevented from doing business with Mr. Switzer. Dr. Early testified that he met with Mr. Wood
25  only after he had decided to stop doing business with Mr. Switzer. In the view of the Court,
    health care providers have a legal right to do business with Switzer, Wood, or anyone else who
26  can satisfy their product requirements.

             *Switzer v. Flournoy Management, LLC, et al.* Case No. 11 CE CG 04395
        FINAL STATEMENT OF DECISION AND JUDGMENT ON SPECIAL VERDICT – MODIFIED AFTER APPEAL
                                         19

ACCESS 00908

### Inspection

Plaintiff Switzer sought inspection and copying of Flournoy's books and records in the initial complaint. The Court finds that the books and records have been adequately provided during the course of the voluminous discovery in this case. However, to the extent there are any books and records of Flournoy outstanding that have not been produced, they are ordered to be produced by whoever is the custodian of those records to Switzer.

The issue of attorney's fees, if any, is reserved for a post-judgment motion.

### Penal Code section 496

Plaintiff is seeking relief under Penal Code section 496, including treble damages pursuant to section 496(c).

Pursuant to the Remittitur and Opinion of the Court of Appeal, Fifth Appellate District, treble damages shall be awarded in favor of cross-complainant, Ted Switzer, and against cross-defendants, Robert Clark "Sonny" Wood, II and Access Medical, LLC, as set forth below, recognizing that the penal component of the treble damages (i.e., two times the amount of actual damages found by the Jury) shall be imposed separately and severally against each of said cross-defendants.

Pursuant to the Remittitur and Opinion of the Court of Appeal, Fifth Appellate District, attorneys' fees shall also be awarded in favor of cross-complainant, Ted Switzer, and against cross-defendants, Robert Clark "Sonny" Wood, II and Access Medical, LLC, jointly and severally, in such an amount was will be determined by the Court upon decision of cross-complainant's previously filed post-judgment motion for attorneys' fees.

### MONEY JUDGMENT

It appears by reason of the special verdict that cross-complainant, Ted Switzer, is entitled to judgment on his direct claims against cross-defendants, Robert Clark "Sonny" Wood, II and Access Medical, LLC, jointly and severally, for **compensatory damages** in the amount of **$1,780,751.67** (actual damages of $1,289,165.00 plus $349,571.67 (compensatory damages of $1,638,736.67 minus that portion ($1,289,165.00) also designated as actual damages caused by Wood's and Access Medical's violation of Penal Code §496(a)), plus $142,015.00 prejudgment interest, equals $1,780,751.67).

ACCESS 00909

It also appears by reason of the special verdict that cross-complainant, Ted Switzer, is entitled to judgment on his direct claims against cross-defendants, Robert Clark "Sonny" Wood, II and Access Medical, LLC, severally, for **penalty damages** pursuant to Penal Code §496(c) in the amount of **$2,578,330.00** as <u>against each of the said cross-defendants</u> (actual damages of $1,289,165.00 found by the Jury on the Penal Code §496(c) claim (the compensatory component of Penal Code §496(c)), multiplied by 2 (the penalty component of Penal Code §496(c)), equals $2,578,330.00), for a total award of penalty damages of $5,156,660.00.

It also appears by reason of the special verdict that cross-complainant, Ted Switzer, is entitled to judgment against cross-defendants, Robert Clark "Sonny" Wood, II and Access Medical, LLC, jointly and severally, for **costs in the amount of $59,651.81** as determined by the Court's March 21, 2018 order on cross-defendants' motion to tax costs, and **attorney's fees** in amounts to be determined by the Court and added to this judgment in accordance with post-judgment proceedings.

It also appears by reason of the special verdict that cross-complainant, Ted Switzer, is entitled to judgment for the benefit of Flournoy Management, LLC on his derivative claims against cross-defendants, Robert Clark "Sonny" Wood, II and Access Medical, LLC, jointly and severally, for **compensatory damages** in the amount of **$451,852.00** (actual damages of $401,232.00, <u>plus</u> $50,620.00 prejudgment interest, equals $451,852.00).

It also appears by reason of the special verdict that cross-complainant, Ted Switzer, is entitled to judgment on for the benefit of Flournoy Management, LLC on his derivative claims against cross-defendants, Robert Clark "Sonny" Wood, II and Access Medical, LLC, severally, for **penalty damages** pursuant to Penal Code §496(c) in the amount of **$802,464.00** as <u>against each of the said cross-defendants</u> (actual damages of $401,232.00 found by the Jury on the Penal Code §496(c) claim (the compensatory component of Penal Code §496(c)), multiplied by 2 (the penalty component of Penal Code §496(c)), equals $802,464.00), for a total award of penalty damages of $1,604,928.00.

It also appears by reason of the special verdict that cross-complainant, Ted Switzer, is entitled to judgment for the benefit of Flournoy Management, LLC on his derivative claims against cross-defendants, Robert Clark "Sonny" Wood, II and Access Medical, LLC, jointly and severally, for **additional compensatory damages** in the amount of **$281,314.85** in costs and

ACCESS 00910

1   attorney's fees determined by the Court's April 3, 2018 order on cross-complainant's motion for

2   attorney's fees as being owed by Flournoy Management, LLC to Ted Switzer and others in the

3   main (records inspection) action ($981.60 costs and $24,533.75 attorneys' fees) and in the cross-
    action filed in the name of Flournoy Management, LLC ($21,020.00 costs and $234,779.50

4   attorneys' fees).

5       It also appears by reason of the special verdict that cross-defendants, Ted Switzer, Dixie

6   Switzer, Switzer Medical, Inc., Epsilon Distribution I, LLC and Charlie Medical, LLC are

7   entitled to judgment against cross-complainant, Robert Clark "Sonny" Wood, II, on the cross-

8   complaint filed by said cross-complainant.

9       **NOW, THEREFORE, IT IS ORDERED, ADJUDGED, AND DECREED:**

10          1.      That cross-complainant, Ted Switzer, have judgment in the amount of

    **$1,840,403.48** against cross-defendants, Robert Clark "Sonny" Wood, II and Access Medical,

11   LLC, jointly and severally, as and for compensatory damages and costs, plus attorney's fees in

12   such amounts as will be determined by the Court in post-judgment proceedings; and,

13          2.      That cross-complainant, Ted Switzer, have judgment in the amount of

14   **$2,578,330.00** against cross-defendant, Robert Clark "Sonny" Wood, II, severally, as penalty
    damages pursuant to Penal Code §496(c); and,

15          3.      That cross-complainant, Ted Switzer, have judgment in the amount of

16   **$2,578,330.00** against cross-defendant, Access Medical, LLC, severally, as penalty damages

17   pursuant to Penal Code §496(c); and,

18          4.      That cross-complainant, Ted Switzer, for the benefit of Flournoy Management,

19   LLC, have judgment in the amount of **$733,166.85** against cross-defendants, Robert Clark

20   "Sonny" Wood, II and Access Medical, LLC, jointly and severally, as compensatory damages;

21   and,

22          5.      That cross-complainant, Ted Switzer, for the benefit of Flournoy Management,

    LLC, have judgment in the amount of **$802,464.00** against cross-defendant, Robert Clark

23   "Sonny" Wood, II, severally, as penalty damages pursuant to Penal Code §496(c); and,

24          6.      That cross-complainant, Ted Switzer, for the benefit of Flournoy Management,

25   LLC, have judgment in the amount of **$802,464.00** against cross-defendant, Access Medical,

26   LLC, severally, as penalty damages pursuant to Penal Code §496(c); and,

ACCESS 00911

7.      That cross-complainant, Robert Clark "Sonny" Wood, II, take nothing by way of his cross-complaint and that cross-defendants, Ted Switzer, Dixie Switzer, Switzer Medical, Inc., Epsilon Distribution I, LLC and Charlie Medical, LLC have judgment against Robert Clark "Sonny" Wood, II on said cross-complaint; and,

8.      That cross-complainant, Ted Switzer, take nothing with respect to the 18th, 19th, and 25th causes of action on the cross-complaint against cross-defendants Robert Clark "Sonny" Wood, II and Access Medical, LLC; and,

9.      That cross-complainant, Ted Switzer, have judgment on the 23rd cause of action of the cross-complaint for dissolution and winding up of Flournoy. Switzer is authorized to take any and all reasonable steps to wind up the affairs of Flournoy pursuant to California and/or Delaware law, as applicable; and,

10.     That post-judgment interest on the specific dollar amounts awarded above shall accrue beginning on April 3, 2018 (see, *Chodos v. Borman* (2015) 239 Cal.App.4th 707, 712-714 and *Snapp v. State Farm Fire & Casualty Co.* (1964) 60 Cal.2d 816, 820-822).

DATED: _Sept. 12_, 2019

_Rosemary McGuire_

**JUDGE OF THE SUPERIOR COURT**

COSTS ADDED TO JUDGEMENT IN THE AMOUNT OF

$ 43,410.00
Superior Court Clerk

By _____ 10-30-19
     Deputy      Dated

COSTS ADDED TO JUDGEMENT IN THE AMOUNT OF

$ 2,460.17
Superior Court Clerk

By _____ 9-12-19
     Deputy      Dated

COSTS ADDED TO JUDGEMENT IN THE AMOUNT OF

$ 437,733.00
Superior Court Clerk

By _____ 10-31-19
     Deputy      Dated

*Switzer v. Flournoy Management, LLC, et al.* Case No. 11 CE CG 04395
FINAL STATEMENT OF DECISION AND JUDGMENT ON SPECIAL VERDICT – MODIFIED AFTER APPEAL

23

ACCESS 00912